[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 412 
The proceeding in which the attachment issued upon which the plaintiff was arrested and imprisoned was instituted before the county judge, under section 294 of the Code. The judge made an order requiring the plaintiff to appear before him at a time and place therein specified, to be examined concerning property of Joseph S. Thompson in his hands, and his indebtedness to Thompson, against whom the defendant had recovered a judgment upon which an execution had been issued and returned unsatisfied. At the time and place specified for the appearance of the plaintiff, upon proof of service thereof upon the plaintiff, the attachment was issued by the judge. The plaintiff claims that the judge had not acquired jurisdiction of the subject-matter and had no authority to issue the attachment, and that, therefore, his arrest and detention thereon was wrongful, for the redress of which he can maintain this action. If he is right in the premises he clearly is in the conclusion, both upon principle and authority. The question is whether the judge had jurisdiction *Page 413 
to issue the attachment. Before examining this question, it may be well to consider the point made by the defendant's counsel, that conceding that the judge had no jurisdiction to issue the attachment, still the defendant is not liable for the arrest of the plaintiff thereon, upon the ground that a party applying to a court or judicial officer having jurisdiction of the subject-matter, and presenting his case to such court or officer, is not responsible for the action taken thereon by such court or officer. The counsel cites Von Latham v. Libby (38 Barb., 339) to sustain this position. The principle upon which that case was decided has no application to the facts of the present case. There all that was done by the defendant was to present the case for the action of the magistrate. Here the attorney of the defendant applied to the judge to issue the attachment and delivered it to the sheriff for service. This clearly made the defendant liable in case the attachment was void for want of jurisdiction in the judge or for any other cause. The counsel for the plaintiff insists that there was a want of power to issue the attachment, for the reason that there was no proof made of the failure of the plaintiff to appear before the judge for examination as required by the order. The answer to this is that the case shows that such proof was made. The statute does not require that this proof should be made by affidavit, if necessary to be made at all. The order required the plaintiff to appear before the judge at a specified time and place, and the judge had judicial knowledge of his failure to appear. The principal questions arise upon the sufficiency of the affidavit presented to the judge, upon which the order requiring the appearance of the plaintiff was based, to confer jurisdiction. One objection made thereto is that the attorney by whom it was made and presented to the judge did not state therein directly that he was the attorney of the plaintiff in the proceeding, but merely described himself as attorney for the plaintiff. No question is made but that proceedings supplemental to execution may be instituted and carried on by an attorney of the party, and in this respect there is no difference between executions issued upon judgments *Page 414 
of courts of record and those of justices of the peace, transcripts of which have been filed with the county clerk. The answer to the objection is that the statute does not require the attorney to make proof of his authority to act in the matter; and although such proof will be generally required, unless the judge is entirely satisfied that such authority has been given, yet it is not necessary to confer jurisdiction upon the judge. The principal reliance is that the affidavit only states that the plaintiff had property of the debtor in his hands and was indebted to him, as the affiant was informed and verily believed to be true. It is insisted that this was no evidence at all of such facts, and therefore conferred no jurisdiction upon the judge to make the order. In examining this question, the difference between section 294 and the other statutes, upon which the cases cited and relied upon arose, must be kept in mind, and also whether the question arose in a proceeding instituted for the reversal of the order or judgment, or in a case where it arose collaterally in some other action or proceeding. Ex parteHaynes (18 Wend., 611) was a motion to set aside an attachment issued against Haynes as an absconding debtor. In this case the statute required that the facts and circumstances to establish the grounds for the application should be proved by two witnesses. In such a case it is the duty of the officer to examine the evidence and determine therefrom whether the party is a debtor and has absconded or is concealed, within the meaning of the statute, before issuing the attachment. It was therefore held, in this case, that information and belief of the witnesses were not competent proof of the facts, and the proceedings were set aside. In Cadwell v. Colgate (7 Barb., 253) it was held, that where the only proof was upon information and belief, the officer acquired no jurisdiction to issue an attachment against a party as a non-resident debtor. The statute in this requires the same preliminary proof as in the case of an absconding or concealed debtor, and the like determination thereon by the officer. The requisites of the affidavit to obtain an attachment against the property of the *Page 415 
defendant, as the commencement of an action in a justice's court, are substantially the same, and in such cases it has, in proceedings for the reversal of the judgment, been uniformly held, that information and belief were insufficient to uphold the proceeding, but the facts and circumstances authorizing an attachment must be stated. But section 294 of the Code does not require the facts and circumstances to be stated in the affidavit, but the order may be made upon an affidavit that any person or corporation has property of the judgment debtor or is indebted to him in an amount exceeding ten dollars. The judge is not to determine from the affidavit that the person, etc., has property of or is indebted to the judgment debtor preliminary to other proceedings, but is merely to issue an order requiring his appearance and examination as to such facts. The case is much stronger for sustaining the jurisdiction than that of Harman v.Brotherson (1 Denio, 537). There it was held that an affidavit upon information and belief was sufficient to confer jurisdiction upon the officer to make an order holding the defendant to bail in a civil action, although it would be revoked upon a motion to the court for that purpose. The distinction is obvious. In the former the question is one of authority to act. In the latter it is, having power, was the act erroneous? An order to hold to bail is process authorizing the arrest and imprisonment of the party. The order in question is in part a subpœna for the attendance of the party to be examined as to whether he has property of or is indebted to the debtor. True, if it turns out that he has, a further order may be made for the application thereof to the payment of the debt. If information and belief will confer jurisdiction to issue the former, it surely will the latter. The judge having jurisdiction to issue the attachment, it is clear that the party was not a trespasser in acting under it in good faith. The case contains nothing tending to show that the defendant did not so act.
An examination of the question has led me to the conclusion that all that is required by section 294 of the Code is an affidavit stating the possession of the property of or indebtedness *Page 416 
to the debtor upon information and belief, and that such affidavit would be held sufficient, upon direct application, to set aside the order founded thereon; but as it is unnecessary to determine this question in this case, I shall not discuss it, nor is it passed upon by the court.
The exception to the exclusion of testimony was not well taken. That offered had no bearing upon any issue in the case.
The nonsuit was properly granted, and the judgment of the General Term affirming the judgment must be affirmed, with costs.
All concur.
Judgment affirmed.