# SUPREME COURT.

## DANIEL CRILL agt. MARTIN KORNMEYER.

*Supplementary proceedings — right of assignee to maintain — jurisdiction of county judge.*

An assignee of a judgment has the right to maintain supplementary proceedings on it, after the death of the party recovering the judgment.

Where it appeared that the owner of the judgment was B., and that it was assigned to him by the plaintiff in his lifetime, it also appearing that the plaintiff in the action was dead:

*Held,* that the court could appoint a receiver of the property of the defendant on the application of the assignee.

A county judge has jurisdiction in proceedings supplementary to execution based on judgments recovered in the supreme court where the judgment debtor resides or has a place of business in the county, or where a transcript has been filed when the judgment was not recovered in that county.

*At Chambers, Utica, September,* 1878.

R. O. JONES, *Special County Judge of Oneida County.*— An application is made to me, in this matter, for the appointment of a receiver of the property of the defendant. It appears that the owner of the judgment is M. M. Burlison, Esq., and that it was assigned to him by the plaintiff in his lifetime. It also appears that the plaintiff in the action is now dead. The important question now presented is, whether or not I have the power to appoint a receiver, the plaintiff being dead? Prior to the adoption of the Code of Procedure, execution could not be issued on any judgment, where the party recovering the judgment was dead, except through the aid of the writ of *scire facias* (*Jay* agt. *Martine,* 2 *Duer,*

654; *Wheeler* agt. *Dakin*, 18 *How. Pr. R.*, 537 *and cases there referred to* ).

Section 283 of the Code of Procedure, as amended in 1866, gave the right to execution, and professed to give the right to supplementary proceedings, in favor of the personal representatives, duly appointed, of a deceased party who had recovered judgment, at any time within five years after the entry of the judgment. That section did not give the right to an assignee of the judgment. That section was repealed by chapter 417 of the Laws of 1877.

The only provision touching upon the subject, which I have been able to find in the Code of Civil Procedure, is section 1376. That, however, only covers executions in cases of deceased parties who had recovered judgments in their lifetime. That extends the right to execution at any time within five years after the entry of judgment, as well to the *assignees* of the judgment, as to the personal representatives duly appointed of the deceased creditors. There is no statute which in express terms, gives the right to *assignees* of deceased persons, who in their lifetime had recovered judgments, to supplementary proceedings against the judgment debtor. There is none which in express terms gives the right to the *assignee* of a living party who recovered judgment; yet the courts have held that assignees of the judgment had the right to the remedy given by proceedings supplemental to execution (*See Ross* agt. *Clussman*, 1 *Code Rep.* [*N. S.*], 91; *Same case*, 3 *Sandf.*, 676; *Hough* agt. *Kohlin*, 1 *Code Rep.* [*N. S.*], 232; *Lindsay* agt. *Sherman*, 1 *Code Rep.* [*N. S.*], 25; *Same case*, 5 *How. Pr. R.*, 308; *Orr's Case*, 2 *Abb. Pr. R.*, 457; *Frederick* agt. *Decker*, 18 *How. Pr. R.*, 96 ).

The case of *Ross* agt. *Clussman* (*ante*) is the pioneer case on the right of an assignee of a judgment to a resort to supplementary proceedings.

The language of section 292 of the Code of Procedure is, the "*judgment creditor*" is "entitled to the order," &c.

Judge SANDFORD, in giving the opinion of the court in

*Ross* agt. *Clussman*, in speaking of the objection there made to an assignee having the benefit of the proceeding, says: "We think this objection is wholly unfounded. The judgment creditor is the person who owns the judgment, to whom it is due, and who alone has the right to receive it and to give a discharge; not the person in whose name the judgment was recovered, but who has transferred it and thereby ceased to be a creditor of the defendant. We suppose that one to whom a bond has been assigned is, beyond all doubt, the bond creditor, and that no one would think of calling the obligee the bond creditor after he had parted with his interest in the debt by an absolute assignment."

I think judge SANDFORD's construction or definition of the words "*the judgment creditor*" correct. Applying, then, to this case that construction of the two hundred and ninety-second section of the Code of Procedure, it is established that were it not for the death of the plaintiff herein, Mr. Burlison, the assignee of the judgment, would now be entitled to his receiver. Does the death of the plaintiff defeat it? I think not. It may be said that supplementary proceedings being a proceeding in an action, there is no longer any plaintiff or defendant, as the case may be, to carry it on in the name of. I have searched in vain for a case holding it to be necessary to carry the same on in the name of the plaintiff or defendant. The cases do hold that it is not improper to carry on the proceeding in the name of the plaintiff or defendant recovering the judgment; and what the courts mean in those cases I suppose is, that it is not improper to entitle the affidavits and orders in the action, as the other papers in the action are entitled. I think the courts were right in so holding; I yet, however, have to learn that it is imperative to have the affidavits or orders in supplementary proceedings entitled in any action or in any form. I think, it sufficient that they, in the body of them, indicate sufficiently what proceeding they are made in; that, I think, disposes of such objection. The reason that executions (except in cases

Crill agt. Kornmeyer.

expressly authorized by statute), must be issued in the name and lifetime of the party recovering the judgment, I think does not obtain in proceedings supplemental to execution. The statute does not give an assignee of a judgment the right to an execution which, upon the face thereof, shall be in his favor. He, of course, may make an arrangement for the issuing of one, with the person recovering the judgment (the assignor), and they may dispose of the money collected on it, as between themselves, as they please. The execution, however, must, upon its face, be in favor of the party recovering the judgment. It would seem a little strange at least, then, after the decease of the party recovering the judgment, to see him issuing executions and attending to collections on them.

That is probably a sufficient reason for the rule stated, with reference to executions, where the persons recovering the judgments are dead. That reasoning cannot be applied to supplementary proceedings, for the reason that the statute has given the remedy by them to "*judgment creditors.*"

The language of the statute is equivalent to its saying, that the party in whose favor the judgment was recovered, his assignee or assignees is and are entitled to the use of proceedings supplemental to execution. It may also be urged, that by the same process of reasoning, you are to conclude that the personal representatives duly appointed of deceased persons, in whose favor judgments existed at their decease, are entitled to the remedy; and if they are, the question will be suggested, why did the legislature amend section 283 of the Code of Procedure, in 1866, so that it in terms assumed to give the right to supplementary proceedings to the personal representatives duly appointed of such deceased persons?

I shall not discuss that proposition at any great length, nor will I formally pass upon it, but will content myself with making a few suggestions with reference to the same.

Unless the language of section 292 of the Code of Procedure failed to embrace the personal representatives duly appointed of the deceased party, in whose favor the judgment

had been recovered, it was unnecessary to have such amendment passed to confer such power or authority, a power or right which must be already existing if section 292 was broad enough to confer it on them; but its effect, if not intention, may have been to limit the right to that class of persons to five years after the entry of the judgment. It will not do to say such and such was the intent of the legislature unless, upon a fair construction of the language used, the same is so expressed.

Saying a case is within or not within the spirit of an enactment will not do unless a fair construction of the language used will or will not, as the case may be, bring it within the enactment itself (*Lobdell* agt. *Lobdell*, 36 *N. Y.*, 327–334).

It may be urged that, through the decease of the party who had recovered the judgment and who owned it at the time of his decease, there is a suspension of the right to the remedy by supplementary proceedings until the due appointment of the personal representatives, and for that reason the personal representatives duly appointed were not entitled to it until the amendment of 1866 to section 283 was passed.

This may be a fair test of that question: Supposing a person recovering a judgment was convicted of a felony and sentenced to state prison for a term of years that would suspend his right to institute the proceeding (*sec. 39, vol. 3, Revised Statutes, page* 994 [*Banks Bros. 6th ed.*]); yet, after his sentence was served and his discharge from prison, no one, I apprehend, would claim that such suspension had destroyed his right to his remedy for the collection of the judgment by supplementary proceedings. Wherein is the difference in respect to the two cases; are the personal representatives, duly appointed, not the judgment creditors within the true meaning of section 292 of the Code of Procedure; are they not the persons who own the judgment, to whom it is due, and who alone have the right to receive the amount due on it and discharge it?

If that does not make them "*judgment creditors*" within

Crill agt. Kornmeyer.

the meaning of the section, what will? If they sue it over they will only hold it in a representative capacity, which they do without suing it over, and their power over it will not be increased. Without formally passing upon the rights of personal representatives duly appointed as to proceedings of this character, I must hold that Mr. Burlison, the assignee of the judgment, is entitled to an order appointing a receiver of the property of the judgment debtor herein.

Ordered accordingly.