ANTHONY COOMAN, Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF ROCHESTER, Respondent.

*Supplementary proceedings — defects in the affidavit cannot be taken advantage of in collateral proceedings — power of a county judge to direct money to be paid over to the claimant — Code of Procedure, sec. 294 — the board of education of Rochester is a distinct corporation, separate from the city.*

In this action, brought by the plaintiff to recover for a quantity of charcoal sold and delivered to the defendant, to be used in the public schools in Rochester, which were under its charge, the defense was that the amount due had been paid to a judgment creditor of the plaintiff under an order made in proceedings supplementary to execution. It appeared that the affidavit presented by the judgment creditor in such proceedings to the county judge stated " that the city of Rochester, as deponent is informed and believes, is indebted to said defendant in an amount exceeding ten dollars, and that Alonzo L. Mabbett, the superintendent of the board of education, is acquainted with the facts of said indebtedness, and has possession of the claim, order or check upon the treasurer of said city, as such officer of said city, of said indebtedness to said defendant; that the treasurer of said city has charge of the moneys so to be paid to said defendant." An order was made requiring Mabbett to appear and be examined, but none requiring the city of Rochester or the board of education to so appear, nor was any order served on them, nor did they appear in the proceedings. The final order therein recited that it appeared that the city of Rochester was indebted to the plaintiff in a sum named; that a check therefor was in the hands of Mabbett, and ordered it to be delivered to the judgment creditor in those proceedings and the amount thereof paid to him by the treasurer of the city.

*Held*, that the validity of the order could not be attacked in this collateral proceeding, upon the ground that the facts were stated in the affidavit upon information and belief.

*Miller* v. *Adams* (52 N. Y., 409) followed.

That as neither the city nor the board of education were ordered to or did appear for examination, the judge exceeded his jurisdiction in directing the treasurer to pay the amount of the check to the claimant, and that the order made by him was invalid.

It seems that the board of education of the city of Rochester is a separate and distinct corporation from the city of Rochester, and that its rights and liabilities upon contracts made by it cannot be affected by orders made in proceedings instituted against the city of Rochester.

APPEAL from a judgment, entered upon a decision of the court in a case tried at the Monroe Circuit, without a jury.

*Quincy Van Voorhis,* for the appellant.

*J. N Beckley,* for the respondent.

SMITH, P. J.:

The action was brought to recover for a quantity of charcoal sold and delivered by the plaintiff to the defendant, to be used in and about the public school buildings in said city, under the charge of the defendant, and which was so used. The answer admitted the creation of the debt, and alleged payment of the same to Otis N. Wilcox, a judgment creditor of the plaintiff, in pursuance of an order made by the special county judge of Monroe county, in proceedings supplementary to execution upon the judgment in favor of Wilcox. The questions raised by the appeal relate to the validity of those proceedings. The proceedings were had under section 294 of the Code of Procedure. That section provided that the affidavit to be presented to the judge, on the application for the initiatory order, shall show, among other things, that a person or corporation has property of the judgment debtor, or is indebted to him in an amount exceeding ten dollars. The only averment on that subject, in the affidavit presented to the judge by Wilcox, was the following: "That the city of Rochester, as deponent is informed and believes, is indebted to said defendant in an amount exceeding ten dollars, and that Alonzo L. Mabbett, the superintendent of the board of education, is acquainted with the facts of said indebtedness and has possession of the claim, order or check upon the treasurer of said city, as such officer of said city, of said indebtedness to said defendant. That the treasurer of said city has charge of the moneys so to be paid to said defendant."

The appellant's counsel contends that the affidavit, being on information and belief, was insufficient to give jurisdiction. We regard *Miller* v. *Adams* (52 N. Y., 409) as an authority adverse to that contention in this collateral action. Whether, upon a direct application to set aside the proceeding, the affidavit would be held sufficient to support an order based upon it, was left an open question by the decision cited, and it does not arise in this case.

A more serious question is presented by the claim of the appellant's counsel that the proceeding was not instituted to reach the debt owing to Cooman by the defendant herein, the only debt described

in the affidavit being one alleged to be owing by another corporation, to wit, the city of Rochester, and for that reason the proceeding is not available to the defendant as a defense herein.    A reference to the charter of the city of Rochester shows that the defendant is a separate department of the government of that city, composed of the commissioners of common schools of the city, and by express terms is made a corporate body in relation to all the powers and duties conferred upon it by virtue of the charter, and is charged with "the superintendence, supervision and management" of the common schools in said city, in all respects.   (Laws 1861, chap. 143, title 6, §§ 137, 142, sub. 9, as amended.)   The charter also provides for raising money by tax for the support of the common schools of the city, which is made subject to the disposal of the board (sec. 148), and to that end all such moneys, and all moneys received by the city for schools, are to be deposited with the city treasurer, to the credit of the board, and it is provided that they shall be drawn out in pursuance of a resolution of the board, by draft drawn by the president and countersigned by the clerk of said board, payable to the order of the person entitled to receive the money.   The treasurer is to keep such funds separate and distinct from any other moneys in his hands.   (Sec. 149.)   Among other specified purposes for which money may be thus raised by tax, and for which purposes the board of education has the power and is charged with the duty of expending the money under their control, so far as may be necessary, are "to procure fuel and defray the contingent expenses of the common schools.   (Secs. 140, sub. 4; 142, sub. 11; 144, 148.) The board is also charged with the expenditure of the public moneys received by the city from the State and paid to the treasurer for the support of common schools.   (Sec. 142, sub. 12, part 3; sec. 149.)   All provisions of law in respect to school district libraries apply to it (sec. 145), and it is required to report annually, among other things, such information respecting the common schools of the city as may from time to time be required by the State superintendent of common schools.   (Sec. 142, sub. 12, part 5.) In short, the board of education, although its individual members are officers of the city, is a corporation distinct from that of the city, subject to the direct control of the State, in some particulars, and capable of making contracts binding upon itself alone, and of

contracting debts payable out of a specified fund which it has the sole power to control and disburse.  It would seem that in a proceeding instituted for the sole purpose of reaching a debt owing to the judgment debtor by one corporation, an order requiring another and different corporation, against which no proceeding was had, to make payment of a debt owing by it, must necessarily be a nullity.  And if the latter corporation pays to any one other than its creditor, it does so voluntarily; it is not protected by the order, and the rights of its creditor are not affected thereby.

But in the proceeding under consideration, neither corporation was required to make payment.  The initiatory order referred to the debt mentioned in the affidavit, as one in favor of Cooman against the city of Rochester, but it did not require either the city of Rochester or the board of education to appear and be examined. Its requirement in that behalf was laid upon Alonzo L. Mabbett, but not as an officer of either of said corporations, the only fact stated in the order in connection with the said Mabbett being that he "is acquainted with the facts of said indebtedness and has charge of said claim."  The only purpose in naming him seems to have been to procure his testimony as a witness and to obtain an injunction restraining him from parting with a certain draft hereinafter mentioned, which injunction was granted by the judge. The only persons served with the order were Mabbett and Cooman. Cooman did not appear.  Neither corporation appeared or answered. Mabbett appeared and was sworn as a witness, but his attendance for that purpose could have been compelled as effectually, and more appropriately, by the service of a subpœna.  (Code, § 295.)  There is no pretense that he owed the debt.  As the initiatory order was not directed to the city or the board, and neither of them appeared, the judge did not acquire jurisdiction over either of them, and no subsequent action by either of them in respect to the debt owing to Cooman was justified by any order made in the proceeding.

Much was said on the argument as to the official character of Mabbett, but that question we regard as immaterial.  As has been said, the initiatory order did not specify him as an officer of either corporation nor direct service to be made on him as such.  The affidavit described him as "the superintendent of the board of education," and he testified in the proceeding that he was superin-

tendent of schools, and as such, clerk of the board of education. Whether he was or was not an officer of the city or of the board is of no consequence, since neither corporation was directed to appear, and there is nothing in the case to show that he appeared for either corporation to protect its interests, or that he appeared in any other capacity than that of a witness.

The power which the judge possessed in a proceeding under section 294 was to order " any property of the judgment debtor, not exempt from execution, in the hands either of himself or any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment, except," etc. (Sec. 297.) The final order made in the proceedings in question recited, among other things, that it appeared that the city of Rochester was indebted to Cooman in the sum of $117.50 ; that a check or order for said amount payable to the order of Cooman is in the possession and under the control of said Mabbett, as an officer of the board of education of said city of Rochester; and that said check or order is drawn upon the treasurer of the city, who has the money of said city in his charge; and it ordered said Mabbett to deliver and transfer to Wilcox, or his attorney, the said order or check, and that the treasurer of the city, upon the service of said order upon him, and upon the presentation of said check to him by the plaintiff or his attorney, pay to either of them the full amount of the same.

In making that order, it seems to us the judge exceeded his jurisdiction. He could only order the property or money of the judgment debtor to be applied. The check did not belong to the debtor. He could have no property in it till it was delivered to, and accepted by, him. For aught that appears, he was ignorant of its existence.

Again, the treasurer had no authority to pay the check till it was indorsed by the person to whom it was payable, and to pay it without such indorsement was a breach of his official duty, which the judge had not power to compel. Besides, neither the treasurer, nor the corporation of which he was an officer, had been brought into the proceeding or subjected to the jurisdiction of the judge, and the judge's order, so far as the treasurer was concerned, was *brutum fulmen.*

The only mode in which the check could have been made available to Wilcox was through the order of some tribunal of competent jurisdiction to compel Cooman to indorse and transfer the same. Whether the judge had power to compel that to be done in the proceeding before him, it is unnecessary to inquire, as he did not attempt the exercise of such power.

For the reasons above stated, we think no defense was shown to the plaintiff's claim, and the judgment should be reversed.

Judgment reversed, new trial ordered, costs to abide event.

Barker, Haight and Bradley, JJ., concurred.

So ordered.