JEWETT W. BROWN *et al.*, Appellants, *v.* EDGAR P. WALKER, Respondent.

*Supreme Court, Third Department, General Term, December* 11, 1889.

*Supplementary proceedings. Affidavit.*—The affidavit, to institute proceedings supplementary to execution, must show that the application is authorized by the judgment creditor.

Appeal from order of the Saratoga county judge, setting aside an order to examine defendant in supplementary proceedings, and sustaining an injunction granted without security or payment of money into court, restraining the proceedings of plaintiffs to enforce their judgment.

*Jesse Stiles*, for appellants.

11

*Willard J. Miner*, for respondents.

Learned, P. J.—In this action the county judge granted an order for examination of defendant in proceedings supplementary. This order he afterwards set aside on motion. The plaintiff appeals. The ground on which he set it aside was that the affidavit was defective in failing to show that it was made by authority of the plaintiff or of a judgment creditor.

The affidavit is made by John H. Benedict. It sufficiently states the recovery of judgment and the filing of a transcript and issue and return of an execution, and that Jesse Stiles, plaintiff's attorney, is authorized by plaintiff to commence these proceedings.

On the affidavit in the printed papers there appears an endorsement which contains the name, " Jesse Stiles, Attorney." But the opinion of the county judge states that this was not on the affidavit when presented.

In the case of Miller *v.* Adams, 52 N. Y. 415, the affidavit was made by one who described himself as attorney for the plaintiff. So it would seem must have been the case in Kress *v.* Morehead, 8 N. Y. State Rep. 859.

The question here is whether it should not appear by the affidavit that the proceeding is taken by the owner of the judgment. An attorney is an officer of the court, and when he makes an application describing himself as the attorney for a party his authority is assumed. But here there is no evidence, even presumptive, that the owner of the judgment authorized the proceeding. Mr. Benedict is not the attorney for the plaintiff, for he says that Mr. Stiles is, and is authorized to commence the proceedings. It may be that Mr. Stiles afterwards, by endorsing his name, adopted the act of Mr. Benedict. But the question is rather what was the county judge authorized to do when the papers first came before him.

And as it is the judgment creditor and not any other person who is entitled to the order, we think the county

judge was right in holding that it should in some way appear that the application is made by him.

As to the stay of proceedings there was nothing improper or invalid.

The order is affirmed, with ten dollars costs and printing disbursements, such costs and disbursements to be credited on the judgment and not collected otherwise.

LANDON and PUTNAM, JJ., concur.

### NOTE ON " AFFIDAVIT IN SUPPLEMENTARY PROCEEDINGS."

A disjunctive statement in an affidavit that the debtor is a resident of, or has a place of business in the county, is not proper. Arnot *v.* Wright, 55 Hun, 561.

An affidavit in supplementary proceedings need not mention a former order, which was a nullity. Ludlow *v.* Mead, 21 N. Y. St. Rep. 435.

When the regularity of docketing the judgment will be presumed in such proceedings. Id.

An affidavit for a third party order is defective, where the statements are made in the alternative, and sources of information and grounds of belief are not stated. Leonard *v.* Bowman, 61 Hun, 622; S. C. 21 Civ. Pro. 237.

An allegation in an affidavit for a third party order, upon information and belief, as to the indebtedness, of the judgment debtor, etc., is insufficient. Matter of Fleming *v.* Tourgee, 61 Hun, 622.

An affidavit, which, in addition to the usual allegations, states " That the defendant hath been, at divers times heretofore examined under orders supplementary, previously granted, and no property discovered, but that since the last examination the defendant hath become possessed of certain personal property," while it states enough to give jurisdiction to the judge to whom the application is made, does not show sufficient reason for granting an order for further examination. Rallings *v.* Pitman, 49 Supr. 307.

Where the affidavit, used upon an application for an order requiring a judgment debtor to appear and be examined, states all the facts necessary to give the judge jurisdiction to grant the order, and the debtor has appeared and submitted to an examination and to the appointment of a receiver without objection, it is too late to move to vacate the order upon the ground that the sheriff's return upon the execution is defective, when it appears by the judgment debtor's examination, that he has not been prejudiced by such defect. Baker *v.* Herkimer, 43 Hun, 86.

Where the plaintiff procured from the county judge an order requiring

the defendant to appear before a referee, in proceedings supplementary to execution, upon an affidavit which stated that the plaintiff had recovered a judgment against the defendant in a justices' court, and had caused a transcript to be filed and an execution to be issued, which had been returned partly unsatisfied, and the affidavit specified the amount of the judgment, but not the amount remaining unsatisfied, it was held that, although the failure of the plaintiff to state in the affidavit the amount then unpaid upon the judgment did not deprive the county judge of jurisdiction to entertain the motion, yet its omission was such an irregularity as required the order to be vacated. Douglass *v.* Mainzer, 40 Hun, 75.

An affidavit, made on information and belief, without stating the sources of information, was held, in Grinnell *v.* Sherman, 33 N. Y. St. Rep. 27, to be sufficient to authorize the granting of an order to examine a third person in proceedings supplementary to execution.

Where the affidavit, on which an order for the examination of a judgment debtor, states that a judgment was rendered and perfected in the supreme court, and that an execution against the property of the judgment debtor was duly issued upon said judgment and delivered to the sheriff of the proper county, it sufficiently appears that the execution was issued out of a court of record. Joyce *v.* Spafard, 9 Civ. Pro. 342.