ALBERT BRUEN, CHARLES C. BRUEN and WILLIAM P. RITCHEY, Composing the Firm of BRUEN, RITCHEY & Co., Judgment Creditors and Respondents, *v.* GEORGE P. NICKELS, Judgment Debtor and Defendant.

WILLIAM C. FIGNER, Third Party, Appellant.

*Examination of a third party in supplementary proceedings — based on the affidavit of the managing clerk of the attorney for the judgment creditor that the third party "has personal property of" the judgment debtor.*

An affidavit, made by the managing clerk of the attorney for the judgment creditor on a motion for the examination of a third party in supplementary proceedings, stating that said third party "has personal property of George P. Nickels, the said judgment debtor above named, exceeding ten dollars in value," is sufficient to warrant the issuing of an order for such examination.

BARTLETT, J., dissented.

APPEAL by William C. Figner from an order of the County Court of Westchester county, made at a Special Term thereof and entered in the office of the clerk of the county of Westchester on the 15th day of January, 1898, denying his motion to vacate an order for his examination as a third party in supplementary proceedings, and also from an order bearing date the 29th day of January, 1898, and entered in said clerk's office, resettling such order.

*De Witt H. Lyon*, for the appellant.

*Raymond C. Haff*, for the respondents.

PER CURIAM:

The ground on which this appeal is made is that the affidavit on which the order was granted did not state facts sufficient to justify the conclusion; or, rather, that the affidavit stated a conclusion instead of the facts. The affidavit set forth that said "Figner * * * has personal property of George P. Nickels, the said judgment debtor above named, exceeding ten dollars in value." Under the rule laid down by the court in the case of *Crowns* v. *Vail* (51 Hun, 204), and sanctioned by this court in the case of *Ladenburg* v. *Commercial Bank* (5 App. Div. 219), the affidavit is sufficient for the purpose of examining a third party in supplementary proceedings as provided by section 2441 of the Code of Civil Procedure. The rule is that " statements in affidavits will be presumed to have been made

on personal knowledge unless stated to have been on information and belief, and unless it appears affirmatively and by fair inference that they could not have been, and were not, on such knowledge." The affidavit in this case was made by the managing clerk of the attorney for the respondents, and while there may be some suspicion that he did not know the fact stated of his own knowledge we are not in a position to go back of the record and we must accept the statement as true. The Code of Civil Procedure provides that " upon proof, by affidavit, or other competent written evidence, to the satisfaction of the judge, * * * that any person or corporation has personal property of the judgment debtor, exceeding ten dollars in value, * * * the judgment creditor is entitled to an order requiring that person or corporation to attend and be examined concerning the debt or other property at a time and place specified in the order." The affidavit of the managing clerk, that said " Figner * * * has personal property of George P. Nickels, the said judgment debtor above named, exceeding ten dollars in value," was sufficient to warrant the issuing of the order.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred, except BARTLETT, J., dissenting.

WILLARD BARTLETT, J. (dissenting) :

I dissent from the conclusion reached by my associates in this case. I regard the decision as fairly in conflict with that made by the General Term of the first department in *Crowns* v. *Vail* (51 Hun. 204).

Order affirmed, with ten dollars costs and disbursements.