## TITLE GUARANTEE & TRUST CO. v. BROWN.

(Supreme Court, Appellate Division, Second Department. March 18, 1910.)

EXECUTION (§ 377*)—SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT.

An order for examination in supplementary proceedings of the judgment debtor, to which only the judgment creditor is entitled, is unauthorized; the affidavit therefor not being made by him or his attorney, and not showing authority of the person making it to act for him, but showing merely that affiant is an attorney connected with the office of the judgment creditor's attorney, and the moving papers not being signed or indorsed by the judgment creditor, and there being no evidence that he authorized the proceeding.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1109–1113; Dec. Dig. § 377.*]

Woodward, J., dissenting.

Appeal from Special Term, Kings County.

Action by the Title Guarantee & Trust Company against Max Brown. From an order denying a motion to vacate and set aside an order, in proceedings supplementary to execution, for his examination as a judgment debtor, defendant appeals. Reversed, and motion granted.

See, also, 119 N. Y. Supp. 1147; 134 App. Div. 941, 118 N. Y. Supp. 1146; 114 N. Y. Supp. 1149.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Edward P. Sobel, for appellant.

Albert A. Hovell, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J.  The motion was based upon the ground that the affidavit upon which the order for examination was granted was insufficient to confer jurisdiction.  The proceeding is a statutory one, and all the requirements of the statute must be complied with before jurisdiction to make the order existed.  If, therefore, the affidavit was lacking in any of the details required by the statute, the appellant's motion to vacate and set aside the order should have been granted.

A judgment creditor is the only person entitled to such an order, and the affidavit, if made by a person other than himself, must show authority to act for the judgment creditor, so that the application will show upon its face that the proceeding was authorized by the owner of the judgment unless the affidavit is made by the attorney for a party, when authority will be presumed.  Miller v. Adams, 52 N. Y. 409.  The affidavit in the case at bar is made by Sidney A. Clarkson, who sets forth:

"That he is an attorney connected with the office of Albert A. Hovell, the attorney for the above-named plaintiff."

Mr. Clarkson was not the attorney for the judgment creditor.  He says that Mr. Hovell was.  No authority is shown in him to act for the judgment creditor in making the affidavit or instituting the proceeding.  The moving papers are not signed or indorsed by Mr. Hovell, and there is no evidence that the owner of the judgment authorized the proceeding.  The case is directly within the rule stated in Brown v. Walker, 54 Hun, 639, 8 N. Y. Supp. 59, affirmed without opinion 121 N. Y. 717, 24 N. E. 1101.

The order appealed from must be reversed, with $10 costs and disbursements, and the defendant's motion to vacate and set aside the order granted, with costs.

HIRSCHBERG, P. J., and THOMAS, J., concur.  WOODWARD, J., dissents.  CARR, J., taking no part.