### BEARDSLEY v. STONE VALLEY DISTILLING CO.

(Supreme Court, Appellate Term.   May 6, 1910.)

1. EXECUTION (§ 377*)—SUPPLEMENTARY PROCEEDINGS—AFFIDAVITS FOR ORDER —ATTORNEYS.

Under Code Civ. Proc. §§ 2435, 2436, permitting a judgment creditor to have an order for examination of a judgment debtor on affidavit, an affidavit executed by an "attorney associated with" the attorneys for the judgment creditor is insufficient, though an affidavit by the attorneys of the judgment creditor would be good, without other proof of authority to execute.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1112; Dec. Dig. § 377.*]

2. EXECUTION (§ 420*)—SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT FOR ORDER —WAIVER OF DEFECTS.

Where, under Code Civ. Proc. §§ 2435, 2436, an affidavit for an order in supplementary proceedings is insufficient, because signed by a person

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whose authority is not shown by the affidavit, that the judgment creditor thereafter adopted the affidavit as being signed with authority is ineffective to make the order valid, since the authority of the judge to issue the order was the issue in question.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1205, 1206; Dec. Dig. § 420.*]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by William H. Beardsley against the Stone Valley Distilling Company. From an order refusing to vacate an order for examination of the judgment debtor, it appeals. Reversed, and order vacated.

Argued before SEABURY, GUY, and BIJUR, JJ.

L. & I. J. Joseph (Louis Joseph, of counsel), for appellant.

Strauss & Anderson (David C. Lewis, of counsel), for respondent.

BIJUR, J. The order for the examination of the judgment debtor was granted on an affidavit of one Lewis, who avers that he is an "attorney associated with" the attorneys for the plaintiff judgment creditor.

The judgment creditor is the only person who, under sections 2435 and 2436 of the Code, is entitled to the order; and the affidavit, if made by a person other than himself, must show authority to act, unless it be made by his attorney, in which case authority will be presumed. Citing Miller v. Adams, 52 N. Y. 409; Title Guarantee & Trust Co. v. Brown, 121 N. Y. Supp. 891. In the latter case, the affiant recited that he was "an attorney connected with the office of" the attorney of the plaintiff, and the affidavit was held insufficient.

The subsequent approval or adoption by the judgment creditor is ineffective, since the question is as to the authority of the judge who made the order when the papers first came before him. Brown v. Walker, 54 Hun, 639, 8 N. Y. Supp. 59, affirmed 121 N. Y. 717, 24 N. E. 1101.

The order appealed from should be reversed, with $10 costs and disbursements, and order for examination vacated. All concur.