KEMP v. GARTENBERG et al.

(Supreme Court, Special Term, Bronx County. January 11, 1916.)

EXECUTION ☞377—SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT—"JUDGMENT CREDITOR."

Under Code Civ. Proc. § 2435, providing that at any time within 10 years after the return of an execution unsatisfied, the judgment creditor, upon proof of the facts, is entitled to an order requiring the judgment debtor to attend and be examined, and section 3343, subd. 13, providing that the term "judgment creditor" signifies the person who is entitled to enforce in his own right a judgment for money, or directing the payment of a sum of money, where it affirmatively appeared from the affidavit of counsel instituting supplementary proceedings that the judgment had been assigned, it nowhere appearing in the affidavit that he was the attor-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ney for the assignee, or that the latter had authorized him to bring the proceeding, such failure to make showing in the affidavit that counsel had a right to proceed upon the judgment and move in the matter was fatal to the proceeding.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1109–1113, 1132–1135; Dec. Dig. ☜377.

For other definitions, see Words and Phrases, First and Second Series, Judgment Creditor.]

Action by John Kemp against Morris Gartenberg and others to punish Morris Gartenberg for contempt. Motion denied.

Edward H. Burger, of New York City, for the motion.
Mathias L. Connes, of New York City, opposed.

GIEGERICH, J. This is a motion to punish for contempt Morris Gartenberg, one of the judgment debtors, for his failure to appear for examination, pursuant to an order in proceedings supplementary to execution. The order was granted upon the affidavit of one Edward H. Burger, wherein he alleges "that he is the attorney for the plaintiff, who is the judgment creditor in this proceeding." The right of the plaintiff or the said attorney to institute the proceedings is challenged by the respondent on the ground that it affirmatively appears from the affidavit of Mr. Burger that the "judgment was duly assigned to John C. Rossbach." Mr. Burger in his brief states that he is the attorney for both the plaintiff and the said Rossbach, but it nowhere appears in his affidavit that he is the attorney for Rossbach or that the latter has authorized him to bring the proceeding. While an assignee of a judgment may institute proceedings supplementary to execution either in his own name (Crill v. Kornmeyer, 56 How. Prac. 276, and cases there cited; Riddle and Bullard Supplementary Proceedings [3d Ed.] pp. 35, 99), or in the name of his assignor, the original judgment creditor (Maigille v. Leonard, 102 App. Div. 367, 92 N. Y. Supp. 656), the affidavit must nevertheless state who owns the judgment if it has been transferred, and how the applicant came to own it, whether by assignment or operation of law, etc., so that it may appear that the proceedings are in fact brought by the real party in interest (Riddle and Bullard Supplementary Proceedings [3d Ed.] p. 24). The real party in interest is Rossbach, the present owner of the judgment (Ross v. Clussman, 5 N. Y. Super. Ct. 676, 679; Crill v. Kornmeyer, supra; Moore v. Taylor, 2 How. Prac. [N. S.] 343), the plaintiff having divested himself of all right to institute the proceedings by assigning the judgment to him (23 Cyc. 1417). Under section 2435 of the Code of Civil Procedure the judgment creditor only is entitled to an order for the examination of the judgment debtor after the return of an execution, and "the term 'judgment creditor' signifies the person who is entitled to collect, or otherwise enforce, in his own right, a judgment for a sum of money, or directing the payment of a sum of money." Code of Civ. Proc. § 3343, subdiv. 13. The precise point under consideration arose in Frederick v. Decker & Randall, 18 How. Prac. 96, where an assignee of a judgment sought to examine a judgment debtor, and it was held that he must show in his affidavit that he has a right to proceed upon the judgment and

to move in the matter, and that the failure to do so was fatal to the proceeding. This rule received the sanction of the court in Hawes v. Barr, 30 N. Y. Super. Ct. 452, and was recognized in Brown v. Walker, 8 N. Y. Supp. 59.[1]

The motion is therefore denied, without costs. Order signed.