In the Matter of the Application of LOUIS WEIL, Judgment Creditor, for an Order for the Examination of BAYVIEW DAIRY FARMS, INC., Judgment Debtor, in Proceedings Supplementary to Execution and After Return Thereof.

County Court, Kings County, November, 1922.

**Supplementary proceedings — moving affidavit may be made by managing clerk.**

Where the papers upon a motion for an order in supplementary proceedings for the examination of a judgment debtor are properly indorsed by the attorneys for the judgment creditor, authority to institute the proceeding is presumed, and so long as the required jurisdictional facts are made to appear it is wholly immaterial who makes the moving affidavit.

A motion to vacate an order for the examination of a judgment debtor in proceedings supplementary to execution upon the ground that the moving affidavit was made by the managing clerk in the office of the attorney for the judgment creditor instead of by said creditor or his attorney, will be denied.

MOTION to vacate order in supplementary proceedings.

*Lowenthal & Hirsch,* for judgment creditor.

*Henry D. Levy,* appearing especially for judgment debtor. .

TAYLOR, J. This is a motion to vacate an order in supplementary proceedings, upon the ground that the affidavit in support thereof was by the managing clerk in the office of the judgment creditor's attorney, instead of by the judgment creditor or by the attorney. In support of the motion it is contended that this point was settled by *Title Guarantee & Trust Co.* v. *Brown,* 136 App. Div. 843, and other cases hereinafter cited. I think not. In the *Title Company* case the affidavit was made by an attorney " connected with the office " of Mr. Hovell, the plaintiff's attorney. The opinion assigns as a reason for vacating the order that applications of this character must show that the proceeding was authorized by the owner of the judgment, unless the affidavit is made by the attorney for a party, when authority will be presumed. But it is sufficiently clear from the rest of the opinion that the " authority " referred to in that case, and also in the case upon which it was based, was the authority to institute the proceeding itself rather than the mere authority to make an affidavit. The opinion goes on to say: " The moving papers are not signed or indorsed by Mr. Hovell, and there is no evidence that the owner of the judgment authorized the proceeding. The case is directly within the rule stated in *Brown* v. *Walker,* 8 N. Y. Supp. 59; affd., without opinion, 121 N. Y. 717." The latter decision was by the General Term, third department. There the affidavit was made by one Benedict, a person other than the judgment creditor or his attorney, and when presented to the county judge, the papers contained no indorsement showing that the application was made by the judgment creditor's attorney. The opinion of the county judge stated that such indorsement was lacking. The printed case showed an indorsement by " Jesse Stiles, attorney." In affirming an order by the county judge, setting aside the order for examination, the General Term said: " It may be that Mr. Stiles afterwards, by indorsing his name, adopted the act of Mr. Benedict. But the question is, rather, what was the county judge authorized to do when the papers first came before him? " It is, therefore, apparent that in both of the cases above cited, the turning point was the fact of the affidavit being made by a person other than the judgment creditor or his attorney, plus the further fact of the papers containing no indorsement by an attorney, thereby leaving nothing to indicate that the proceeding was brought with the judgment creditor's authority.

Conversely, where the papers upon an application of this kind contain proper indorsement by the attorney for the judgment creditor, authority to bring the proceeding is presumed, and it is wholly immaterial who makes the affidavit as long as it establishes the required jurisdictional facts. That the affidavit may, in such case, be made by a law clerk, is settled. *Bruen* v. *Nickels*, 30 App. Div. 396. The Civil Practice Act imposes no restrictions as to who may make the affidavit. It is merely required that the facts be proven " by affidavit or other competent written evidence." Civ. Prac. Act, § 779. The function of affidavits is purely evidentiary. In the absence of statutory restriction they may generally be taken by the attorney from any one whose testimony is deemed by him to be relevant to the evidentiary requirements of his case. Witnesses are not required to show " authority," as a condition for giving the benefit of such evidence as a party or his attorney may desire to adduce. The moving party also cites *Beardsley* v. *Stone Valley Distilling Co.*, 122 N. Y. Supp. 686. In that case the printed report and opinion are obscure as to whether or not the papers contained an indorsement by the judgment creditor's attorney; but even if they did, the decision being based upon *Title Guarantee & Trust Co.* v. *Brown, supra*, and *Brown* v. *Walker, supra*, can hardly be considered authoritative, if, through its understanding as to what the latter cases really stood for, it carried the point a little further than the previous judicial construction justified. In the case at bar, although the affidavit is by the managing clerk, the application contains the indorsement of the judgment creditor's attorneys, whose authority to institute and carry on the proceeding must be presumed. *Miller* v. *Adams*, 52 N. Y. 409. Such appearance by indorsement avoids any defect that would otherwise arise due to the affidavit being made by a person other than the judgment creditor or his attorney. As to the evidentiary quality of the affidavit, it was held in *Bridges* v. *Koppelman*, 63 Misc. Rep. 27, that direct allegations by a law clerk in an affidavit in third party proceedings are sufficient to sustain an order. That decision is based upon the rule that " statements in affidavits will be presumed to have been made upon personal knowledge, unless stated to have been made on information and belief, and unless it appears affirmatively, or by fair inference, that they could not have been and were not on such knowledge," etc., citing *Ladenburg* v. *Commercial Bank*, 5 App. Div. 219; *Crowns* v. *Vail*, 51 Hun, 205; *Bruen* v. *Nickels, supra*.

The motion to vacate order for examination is denied.

Ordered accordingly.