In the Matter of Supplementary Proceedings: HOLLYWOOD GARAGE CORP., Judgment Creditor, *v.* PETTIS & CO., INC., Judgment Debtor.

Supreme Court, Special Term, New York County, November 10, 1938.

*Nathaniel Greenbaum*, for the judgment creditor.

*John J. Bennett, Jr.*, Attorney-General [*Nathan Boruck, Assistant Attorney-General*, of counsel], for the Comptroller of the State of New York.

ROSENMAN, J. Motion for reargument of the motion culminating in the order of October 20, 1938, is granted, and upon such reargument the original decision is adhered to, in that, if the twenty-five dollars costs therein imposed upon the Comptroller as a condition to the opening of his default is paid, such default will be vacated and he will be permitted to oppose the motion on the merits.

The claim of the Comptroller, that the order must be vacated because this court has no jurisdiction over this proceeding, is overruled. The question presented is whether a judgment creditor may institute a proceeding in the Supreme Court against a third party under section 794 of the Civil Practice Act arising out of a judgment recovered in the Municipal Court of the City of New York when such third party is neither a resident of nor has a place for the transaction of business within the city of New York. This question involves the interpretation of various sections of article 45 of the Civil Practice Act applicable thereto.

Contrary to the Comptroller's contention, section 780, entitled: " Where proceeding for examination of *third party* instituted," applies, rather than section 777, entitled: " Where proceeding against *judgment debtor* instituted," since each is a separate proceeding in itself. (Civ. Prac. Act, § 774.)

Section 780 provides, in part, that " an order or subpœna for the examination of a third party * * * shall require such third party to attend in the same court in which the proceeding against the judgment debtor may be instituted under section seven hundred seventy-seven, provided the third party resides or has a place for the regular transaction of business in person in such county, otherwise in the County Court or Supreme Court in the county wherein he resides or has such place of business." Reference to the pertinent provisions of section 777 of the Civil Practice Act shows that " the proceeding authorized by this article may be instituted in the civil court of record in which the judgment was recovered and in the county where the judgment debtor resides or has a place for the regular transaction of business in person." However, " where the judgment was recovered in the Municipal Court of the City of New York, the proceeding shall be instituted in the City Court of the City of New York, whether or not any transcript has been filed in the office of any county clerk." But in the event that " the debtor neither resides nor has such place of business in the county of such court, then the proceeding shall be instituted in the County Court or Supreme Court of the county wherein he resides or has such place of business."

The Comptroller insists that, since the judgment was recovered in the Municipal Court, this proceeding must be instituted in the City Court. It is conceded, however, that the Comptroller's place of business is in Albany county, where he was served with the order to show cause, and not within the counties over which the City Court has jurisdiction. The mandates and process of that court may be executed only within the city of New York (N. Y. City Ct. Act, § 27), and any attempt to enlarge its jurisdiction outside of the counties embraced in the city is unconstitutional. (*American Historical Society* v. *Glenn*, 248 N. Y. 445.)

Under such circumstances the Supreme Court, Albany county, is the court having jurisdiction and not the City Court. Otherwise it would be impossible for a judgment creditor who has obtained a judgment in the Municipal Court to have access to property of a judgment debtor in the hands of a third party who neither resides nor has a place of business in the city of New York. The judgment creditor's recourse is in " the County Court or Supreme Court in the county wherein he [the third party] resides or has such place of business." (Civ. Prac. Act, § 780.) In this case, therefore, the judgment creditor has chosen, not the wrong court, but the wrong county, in which to institute the proceedings. Therefore, the following disposition is made: The stay and injunction contained in the original order to show cause will be continued and this proceeding shall be transferred to Albany county for final disposition. All of this, however, is contingent upon the payment of costs as heretofore ordered. Settle order.