In the Matter of Maurice S. Degenstein et al., Judgment Creditors, against China Lantern, Inc., Judgment Debtor.

Supreme Court, Special Term, Albany County, September 7, 1951.

*Kenneth T. McKay* for Maurice S. Degenstein and another, judgment creditors.

*George Brody* and *Mesnig, Koplovitz & Curley* for Leo Green, judgment creditor.

*Nathaniel L. Goldstein, Attorney-General,* for State Comptroller.

TAYLOR, J.  In these proceedings supplementary to judgment pursuant to article 45 of the Civil Practice Act the facts are not in dispute.  The judgment debtor has surrendered its restaurant liquor license to the State of New York and the amount of the refund due thereunder is in the hands of the Comptroller of the State.  After payment of certain preferential claims due the State, there remains the sum of $224.71 available to the payment of the claims of the judgment creditors of the surrenderor, two of whom, Maurice S. Degenstein and Charles A. Platt, have perfected judgments against it in the City Court of Yonkers on September 5, 1950, have docketed transcripts thereof in the offices of the clerks of the counties of Westchester and Albany on September 7, 1950, and September 22, 1950, respectively, have served third-party subpœnas containing appropriate injunctive provisions on the Comptroller returnable at a Special Term of this court held in and for the county of Albany and another of whom, Leo Green, on August 15, 1950, has perfected a judgment in the City Court of New York. A third-party subpœna was issued by that court on August 18, 1950, and on that day served personally on a deputy comptroller at the New York City office of the Comptroller.  On June 26, 1951, the City Court granted an order upon the application of that judgment creditor directing the Comptroller pursuant to section 794 of the Civil Practice Act to pay to him the funds in the Comptroller's hands.  The judgment creditors Degenstein and Platt have moved for an order directing the Comptroller to pay the funds in his possession to them.  The judgment creditor Green has cross-moved to vacate the restraining provisions contained in their third-party subpœnas.  By reason

of the conflicting claims of the judgment creditors, the Comptroller has retained the fund pending an adjudication of their rights.

Upon the determination of the jurisdiction of the City Court of New York to require the Comptroller to attend before it pursuant to the third-party subpœna depends the priority to be accorded the judgment creditors who have laid claim to the fund. A third party may be required in proceedings supplementary to judgment pursuant to a subpœna to attend in the court where the proceeding may be instituted by a judgment creditor pursuant to section 779 of the Civil Practice Act " provided the third party resides or * * * has a place for the regular transaction of business in person in the county of such court * * * otherwise in the county court or supreme court in the county wherein he resides or * * * has such place of business." (Civ. Prac. Act, § 780.)

It is claimed that the branch office of the Comptroller located in the city of New York, only within which the mandates and process of the City Court of New York may be executed, fits the jurisdictional statutory specification. (N. Y. City Ct. Act, § 27; *American Historical Soc.* v. *Glenn*, 248 N. Y. 445.) I think not. An early statute has fixed the office and, hence, the official place of business of the Comptroller of the State is in the city of Albany (L. 1797, ch. 31). Under the statute the Supreme Court, Albany County, is the court having jurisdiction and not the City Court of the City of New York. (Civ. Prac. Act, § 780, *supra; Hollywood Garage Corp.* v. *Pettis & Co.*, 169 Misc. 906.) The subpœna and order of the latter court are, hence, nullities. The contention that the Comptroller has submitted to the jurisdiction of the City Court by the affidavit which has been submitted is not meritorious. Priority, therefore, must be given the judgments of Degenstein and Platt. (*Matter of Mariano* v. *Cathay House Chinese Restaurant*, 199 Misc. 410.) The Comptroller is directed to pay from the refund due the judgment debtor to its judgment creditor Platt the sum of $83.05 and to its judgment creditor Degenstein the sum of $114.05.

Submit order accordingly.