C. J. CATRAKIS, as Assignee of BANQUE D'INDUSTRIE, S. A., Respondent, *v.* GEORGE JARIS, Appellant.

First Department, July 1, 1952.

*Edwin E. Roberts* for appellant.

*Frederick W. Beyer* (*David Borodkin,* attorney), for respondent.

VAN VOORHIS, J. These appeals involve the right of the donee of a power of attorney to institute and maintain in his own name proceedings supplementary to judgment under article 45 of the Civil Practice Act. One of the orders appealed from denies a motion by appellant to vacate an order for his examination as judgment debtor, and the other denies a motion by

appellant to vacate a third-party order. In permitting supplementary proceedings to be maintained, Special Term said: "Whether or not the person in whose name the proceeding is brought is the assignee of the creditor in the full legal sense of this term is of no import since it is clear that he has the right to collect and satisfy the judgment."

The decision of these appeals depends upon the correctness of this statement of law.

The judgment now in process of being collected was recovered twenty years ago, and was based upon transactions stated to have occurred in Greece between principals who were Greek nationals. It is not entirely clear how the judgment-debtor became involved, but he resided in New York City and was sued here. Neither is it clear why the judgment was not enforced during the long period of time that has elapsed since it was entered. The judgment-creditor, Banque d'Industrie, S. A., was dissolved in Greece in 1932. The pending supplementary proceedings are instituted by " C. J. Catrakis, assignee of Banque d'Industrie, S. A., Judgment-Creditor." C. J. Catrakis, who is living in Greece, is said to have been appointed " liquidating assignee " of the original judgment creditor in 1943 at a general meeting of shareholders, but there is no proof of that fact nor of the Greek law. Not unreasonably, the judgment debtor has called upon the lawyer purporting to institute this proceeding in behalf of Catrakis to prove his authority to act. He is not the attorney through whom the judgment was obtained, nor is his client the original judgment-creditor. In *Hollins* v. *St. Louis & Chicago Ry. Co.* (57 Hun 139) the General Term, First Department, held that where it appears that an attorney may not have been invested with lawful authority to represent a party in an action, he should be compelled to disclose the basis of his authority. That is especially relevant where he represents a client residing in a foreign country under the circumstances of this case. The attorney for Catrakis has introduced a letter of Catrakis from Athens, which encloses the document whereby Catrakis is claimed to have been authorized to act for Banque d'Industrie. This document is set forth at page 22 of the record, and is merely a power of attorney, drawn in language almost identical with that of the instrument held to have been insufficient in *Spencer* v. *Standard Chemical & Metals Corp.* (237 N. Y. 479). It states that " Mr. Charilaos Catrakis only is entitled to settle, either by executing the judgments to be given, or by compromise, the collection partly or in whole of any moneys due to the Banque, to deliver the

necessary discharge, to consent to the release of every hypothec, previous note (of hypothec) or seizure, inscription of which may have been taken. Also, only the said Mr. Charilaos Catrakis will take oaths administered, and is entitled to transfer any property of the Society, personal or real.''

Clearly, this is a power of attorney and not an assignment. Catrakis is to act for the Banque, not for himself. If it had been an assignment it would be irrevocable, with the consequence that Catrakis would have owned the judgment, and he and he alone could collect or discharge it. Being constituted merely a collection agent, however, his authority could be withdrawn and, for all that appears to the contrary, may have been withdrawn. As such he does not own the judgment, and whatever he does in relation thereto is not for himself but for another. He is not '' assignee of Banque d'Industrie, S. A.'', in which capacity he assumed to commence the pending supplementary proceeding. The designation of Catrakis as '' assignee '' in the title of the proceeding was not inadvertent: that is the only capacity in which he could begin a supplementary proceeding.

A proceeding supplementary to judgment under article 45 of the Civil Practice Act is a special proceeding which results in a final order (*Matter of Reeves* v. *Crownshield,* 274 N. Y. 74, 77–78; *Hollywood Garage Corp.* v. *Pettis & Co.,* 169 Misc. 906; Civ. Prac. Act, §§ 773, 774, 801). Section 210 of the Civil Practice Act requires every action to be prosecuted in the name of the real party in interest, with exceptions not pertinent here. Although section 210 refers to actions, in principle it applies to supplementary proceedings as well. The following quotation from *Cummings* v. *Morris* (25 N. Y. 625, 627) appears in *Spencer* v. *Standard Chemical & Metals Corp.* (*supra,* p. 480) : '' ' If, as between the assignor and assignee, the transfer is complete, so that the former is divested of all control and right to the cause of action, and the latter is entitled to control it and receive its fruits, the assignee is the real party in interest.' '' In the *Spencer* case the Court of Appeals held that without legal or equitable title to the thing assigned, an action to recover a sum of money for the purchase price under a contract of sale cannot be maintained. As previously stated, the instrument under which the plaintiff in that case claimed to be the assignee, was the same in all material respects as the one in the instant suit. No distinction can be drawn on the ground that it was an action and this is a special proceeding. If an action cannot be maintained by an agent to enforce payment of the money,

a fortiori a supplementary proceeding cannot be maintained to collect the judgment. If, in order to bring an action to collect the debt, it is necessary that the plaintiff shall own the account receivable, it would be incongruous to hold that the fruit of the action can be enjoyed by a collection agent if he institutes a supplementary proceeding as though he were an assignee of the judgment creditor. Since the ultimate goal of the action is to compel payment of the debt, it must be held that only the person can satisfy the judgment who could have maintained the lawsuit. The present proceeding, as its name implies, supplements the judgment and fulfills the purpose for which the judgment was taken. It partakes of the same nature as the action, to which it is closely related. If the policy of the law be that an action must be prosecuted by the real party in interest, consistency requires that it be brought to a final conclusion in the same manner.

This principle has long been embodied in the statutes and in the case law. Thus in *Ross* v. *Clussman* (3 Sandf. 676, 679) it was said: '' The judgment creditor is the person who owns the judgment, to whom it is due, and who alone has a right to receive it and to give a discharge '' which is quoted in *Crill* v. *Kornmeyer* (56 How. Prac. 276, 278). In *Kemp* v. *Gartenberg*, (93 Misc. 313, 314–315) it was said at the Bronx County Special Term, per GIEGERICH, J., that '' the affidavit must nevertheless state who owns the judgment if it has been transferred, and how the applicant came to own it, whether by assignment or operation of law, etc., so that it may appear that the proceedings are in fact brought by the real party in interest. Riddle & Bullard Supp. Pro. (3d ed.) p. 24. The real party in interest is Rossbach, the present owner of the judgment (*Ross* v. *Clussman*, 3 Sandf. 676, 679; *Crill* v. *Kornmeyer, supra; Moore* v. *Taylor,* 2 How. Pr: [N. S.] 343), the plaintiff having divested himself of all right to institute the proceedings by assigning the judgment to him. 23 Cyc. 1417. Under section 2435 of the Code of Civil Procedure the judgment creditor only is entitled to an order for the examination of the judgment debtor after the return of an execution, and ' the term '' judgment creditor '' signifies the person who is entitled to collect, or otherwise enforce, in his own right, a judgment for a sum of money, or directing the payment of a sum of money.' Code Civ. Proc. § 3343, subd. 13. The precise point under consideration arose in *Frederick* v. *Decker & Randall,* 18 How. Pr. 96, where an assignee of a judgment sought to examine a judgment debtor, and it was held that he must show in his affidavit that he has a

right to proceed upon the judgment and to move in the matter, and that the failure to do so was fatal to the proceeding. This rule received the sanction of the court in *Hawes* v. *Barr,* 7 Robt. 452, and was recognized in *Brown* v. *Walker,* 8 N. Y. Supp. 59 ''.

These decisions have not been overruled, but have been consistently followed (see *Pertzon* v. *Lewis,* 45 N. Y. S. 2d 395, and cases cited; *Union Trust Co.* v. *Rosenstein,* 51 N. Y. S. 2d 396, and cases cited).

The sections of the Code of Civil Procedure cited in the excerpt quoted from the opinion in *Kemp* v. *Gartenberg (supra)* have been carried forward into the Civil Practice Act, section 775 whereof requires the proceeding to be maintained by the judgment creditor, and into section 26-a of the General Construction Law, which continues to define '' judgment creditor '' as the person '' who is entitled to collect or otherwise enforce, *in his own right,* a judgment for a sum of money, or directing the payment of a sum of money '' (italics supplied).

These rules are grounded in substantial justice as well as in legal theory. If funds of the judgment debtor are to be used to pay Catrakis, someone else claiming to act in the name or on behalf of Banque d'Industrie may afterward appear with a later document from Greece, canceling Catrakis' 1943 power of attorney and authorizing the newcomer to make collection for the same principal.

Moreover, there is nothing to show that the '' General Meeting of the Shareholders of the Banque d'Industrie, S.A.'', which purports to have been held at Athens eleven years after the bank went into liquidation, was regularly called or held in accordance with Greek law so as to constitute Catrakis even a collection agent.

The orders appealed from should be reversed, with $20 costs and printing disbursements, and the motions by appellant to vacate the order for the examination of appellant and the third-party order in supplementary proceedings should be granted.

PECK, P. J., CALLAHAN, HEFFERNAN and BERGAN, JJ., concur.

Orders unanimously reversed, with $20 costs and printing disbursements to appellant, and appellant's motions to vacate the order for the examination of appellant and the third-party order in supplementary proceedings granted. Settle order on notice.