(119 App. Div. 518)

### VOGT v. VOGT et al.

(Supreme Court, Appellate Division, Second Department. May 10, 1907.)

**1. FRAUD—ELEMENTS OF FRAUD.**

Where stockholders in a company represented to another that the company was insolvent, and thereby induced her to unite with them in a petition for the dissolution of the company, she believing the same, and the representation was false, and known by them to be false, and made to enable them to succeed to the business of the company after dissolution, and thereafter they did organize a new company and acquire and continue the business of the old, whereby her stock became valueless, the stockholders making the representation were liable as for fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, §§ 3, 4, 8.]

**2. JUDGMENT—CONCLUSIVENESS—MATTERS CONCLUDED.**

Where the question of fraud of stockholders of a company in procuring another stockholder to unite with them in a petition for the dissolution of the company was not embraced in any issue in the dissolution proceeding, or necessarily allowed therein, the judgment of dissolution was not res judicata of the cause of action for fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1263, 1266.]

**3. FRAUD—PERSONS ENTITLED TO SUE.**

Where stockholders of a company fraudulently procured another stockholder to unite with them in a petition for the dissolution of the company, so as to enable them to succeed to the business of the company after dissolution, and thereafter they did organize a new company and acquire and continue the business of the old, whereby the stock of such other stockholder became valueless, the right of action for the fraud was in the stockholder, and not in the company.

Appeal from Trial Term, Kings County.

Action by Augusta M. Vogt against William Vogt and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted, except as to defendant John Vogt, and as to him judgment affirmed.

See 83 N. Y. Supp. 677.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Wilber W. Chambers and Louis W. Dinkelspiel, for appellant.
Hersey Egginton, for respondents.

GAYNOR, J. It is not strange that the complaint was dismissed by the learned trial judge for not stating facts sufficient. It is filled with so much immaterial verbiage, and is so crude and unscientific, that it cannot be understood without painful scrutiny, and that should never be imposed on a trial judge. A complaint should be lean of everything except a plain and concise statement of the facts constituting the cause of action.

Discarding all irrelevant matter, the complaint does, after a fashion, allege that the stock of the Henry Vogt Manufacturing Company was $120,000, of which the plaintiff's husband owned $60,000, and his brothers, the defendants Charles and William Vogt, the rest; that the plaintiff's husband died, and she succeeded to the ownership of his stock; that her said two brothers-in-law, and their lawyer, defendant

Watson, represented to the plaintiff that the company was insolvent, and thereby induced her to unite with them in a petition for the dissolution of the company, she believing the same; that the representation was false, and known by them to be false, and was made to induce the plaintiff to join in a dissolution of the company, so as to enable the said defendants Charles and William Vogt to acquire and succeed to the business of the company after such dissolution; that they did organize a new company, with the fourth defendant, John Vogt, and acquire and continue the said business; and that the plaintiff's stock was thereby made valueless. No fraud is alleged against John Vogt.

The foregoing is a good cause of action for fraud against all of the defendants except John Vogt. The contention that the judgment of dissolution on the ground of insolvency is res adjudicata that there was no fraud is groundless. The question of fraud presented by the complaint was not embraced in any issue in the dissolution proceeding, or necessarily involved therein. The contention that if there be any such cause of action it belongs to the company is also groundless. The wrong complained of is a particular wrong to the plaintiff.

The judgment should be reversed and a new trial granted, except as to the defendant John Vogt.

Judgment affirmed, without costs, as to the defendant John Vogt. Judgment reversed, and new trial granted, as to the other defendants. Costs to abide the final award of costs. All concur.