EBLING et al. v. NEKARDA et al.

(Supreme Court, Appellate Division, First Department.　December 15, 1911.)

1. CORPORATIONS (§ 320*)—FRAUD OF PROMOTERS AND TRUSTEES—LIABILITY.

　　Where the promoters and trustees of a corporation conspired to defraud it by causing it to pay an excessive price for property purchased under an agreement with the vendor that he would pay the excess to the , promoters and trustees, and the transaction was carried out, they were guilty of a fraudulent conspiracy, and minority stockholders could sue therefor, for the benefit of the corporation.

　　[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 320.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
)

2. CORPORATIONS (§ 320*)—FRAUD OF PROMOTERS AND TRUSTEES—LIABILITY OF THIRD PERSON.

Where minority stockholders of a corporation alleged in a derivative action by them that the promoters and trustees of the corporation had conspired to defraud it by causing it to pay an excessive price for property purchased, under an agreement that the vendor should pay to the promoters and trustees the excess for division between them, and that the vendor had in possession a part of the excess, and the answer denied the allegation, the stockholders, to recover, must show that the money was in his possession, though ordinarily payment is an affirmative defense, which must be alleged and proved.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 320.*]

3. CORPORATIONS (§ 320*)—DERIVATIVE ACTIONS BY MINORITY STOCKHOLDERS —JUDGMENT.

The judgment in a derivative action by minority stockholders of a corporation for a fraudulent conspiracy by the promoters and trustees of the corporation, which directs the payment of money, should provide for direct payment to the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 320.*]

Laughlin, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by William Ebling and others against Francis J. Nekarda and others. From a judgment for plaintiffs, defendants appeal. Modified, affirmed in part, reversed in part, and new trial ordered.

See, also, 126 App. Div. 909, 110 N. Y. Supp. 1127; 130 App. Div. 898, 115 N. Y. Supp. 1119.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and MILLER, JJ.

L. B. Treadwell (Richard W. Darling, on the brief), for appellant Nekarda.

James M. Gorman, for appellant Orbach.

Rosenthal & Heermance (Clayton J. Heermance, of counsel), for appellant Pressberger.

Steiner & Peterson (William E. Cook, of counsel, and Joseph H. Kohan and Henry A. Peterson, on the brief), for respondents.

CLARKE, J. This is a derivative action, brought by minority stockholders of the Home Alliance Realty Company, a domestic corporation. The defendants Nekarda, Orbach, Zemek, and Slabey were incorporators and trustees. Defendant Tenner was a real estate broker. Defendant Pressberger was the owner of a contract for the purchase of certain real estate situated on Long Island, which he conveyed to the Home Alliance Realty Company for the sum of $90,500. The court has found that the defendants Orbach and Nekarda, promoters and incorporators, entered into a conspiracy to defraud the corporation by representing that the purchase price of the property was $90,500, causing the company to pay said sum therefor to Pressberger, when, as matter of fact, the real price was $76,000, and that they entered into an agreement by which Pressberger was to pay back to them $14,000 of the purchase price received from the company, which was to be divided between Orbach, Nekarda and Tenner; that

said agreement was partially carried out; that Pressberger paid to Nekarda $7,385, of which sum Nekarda paid to Orbach $3,492.50, to Tenner $200, and retained $3,692.50 himself.

[1] The action is to recover for the benefit of the company from its promoters and unfaithful trustees the $14,000 which it was fraudulently caused to pay for its property above the real price, and from the defendant Pressberger the $6,615, the portion of said $14,000 alleged to still remain in his hands. We are satisfied that the judgment appealed from, so far as the defendants Orbach, Nekarda, and Tenner are concerned, is right, and that the evidence fully sustains the finding of the learned court at Special Term of their fraudulent conspiracy to despoil their associates and the corporation for their own benefit.

[2] The defendant Pressberger was not a promoter or incorporator or stockholder of the corporation, and had no connection therewith. He was in effect the owner of the property which was proposed to be and was ultimately purchased. His price for said property was $1,000 an acre, and he did enter into an agreement in writing with the defendant Nekarda, under which he agreed to pay him $14,000. The court found that the defendant Pressberger did not knowingly or actually defraud the Home Alliance Realty Company, and did not unlawfully conspire to defraud the Home Alliance Realty Company. Pressberger claims, upon that finding, that the conclusion of law that he is liable to the said Home Alliance Realty Company in the sum of $6,615, with interest thereon from December 10, 1906, at the rate of 2½ per cent. per annum, is unwarranted. The respondents undertake to support it upon the theory that the $14,000 in excess of the real price of the property which went into his hands, and which he agreed to pay to Nekarda, was a trust fund which they were entitled to pursue. Pressberger claims that, assuming that proposition to be correct, the burden was upon the plaintiffs to allege and establish the fact that he had said sum in his possession.

In the fifteenth paragraph of the complaint it is alleged: "And said defendant Mendel Pressberger still holds in his possession the sum of $6,615"—whch allegation is denied in the eighth paragraph of Pressberger's answer. The court has found that said Pressberger still has in his possession and under his control the sum of $6,615. He claims that said finding is unsupported by any evidence, and this the respondents admit, but claim that, having shown that $14,000 of the corporation's money went into his possession, the burden was upon him, and not upon plaintiffs, to show that he no longer had it. Incidentally it may be remarked that upon the trial Pressberger attempted to amend his answer by alleging payment of this amount, but that the court refused to allow such amendment, and he took his exception.

Of course, ordinarily, payment is an affirmative defense, and must be alleged and proved; but the complaint alleged affirmatively that Pressberger had in his possession this amount of money, which was met by a positive denial, and it seems to me that when the allegations of fraud and conspiracy on Pressberger's part were disposed of by the trial court in his favor, and the basis of a recovery against him

is the tracing and identifying of a trust fund in his hands, the burden was upon the plaintiffs to so trace and identify and establish the continuous possession of that fund. In attempting to lay down the rules governing the allegation of payment, Vann, J., said, in Conkling v. Weatherwax, 181 N. Y. 258, at page 268, 73 N. E. 1028, at page 1031:

"3. When the action is not upon contract for the payment of money, but is upon an obligation created by operation of law, or is for the enforcement of a lien when nonpayment of the amount secured is part of the action, it is necessary both to allege and prove the fact of nonpayment."

In the case at bar the cause of action is not upon contract, but, if it exists, is upon an obligation created by operation of law. It would therefore seem that the plaintiffs were right when they alleged in their complaint that the money was still in the possession of the defendant, and that the burden was upon them to sustain that allegation by proof upon the trial, and that, not having done so, the judgment is based upon a finding unsupported by the evidence, and, so far as the defendant Pressberger is concerned, must be reversed, and a new trial ordered, with costs to him to abide the event.

[3] The judgment is erroneous in form, in that it provides that the defendant pay to the plaintiffs, for and on behalf of said Home Alliance Realty Company, the sum prescribed. Being a derivative action, the judgment should provide for direct payment to the principal, the corporation, and should be modified accordingly.

The judgment, as modified, is affirmed as to the defendants Nekarda, Orbach, and Tenner, with costs and disbursements to the respondents, and reversed as to the defendant Pressberger, and a new trial ordered, with costs to the appellant to abide the event.

INGRAHAM, P. J., and McLAUGHLIN and MILLER, JJ., concur.

LAUGHLIN, J. I vote for affirmance of the judgment.