BERTHA FOLEY EARL, a Stockholder of STANDARD FURNITURE COMPANY, Suing on Behalf of Herself and All Other Stockholders Similarly Situated, Plaintiff, *v.* SHELDON M. BREWER and Others, Individually and as Directors of STANDARD FURNITURE COMPANY, HELEN MARSH BREWER and Others, as Executors, etc., of CHARLES S. BREWER, Deceased, and Others, Defendants.

Supreme Court, Herkimer County, October 15, 1935.

*Fuller, Brown, Hubbard & Felt* [*Gay H. Brown* and *Ernest P. Felt* of counsel], for the plaintiff.

*Dunmore, Ferris & Burgess* [*Thayer Burgess* of counsel], for defendant Will.

*Miller, Hubbell & Evans* [*James Hubbell* and *Ernest N. Warren* of counsel], for other defendants.

DOWLING, J. This action was instituted by plaintiff, a minority stockholder of the Standard Furniture Company, owning a one-fifth interest in said company, to compel the officers and directors thereof to account to the corporation for their official acts. Upon stipulation of all of the parties, the case was referred to Hon. Louis M. Waters, of Syracuse, to hear, try and determine. On the trial, Florence Hazelhurst Bailey, another minority stockholder, holding 500 shares, joined on the record with the plaintiff.

After a prolonged trial, Referee Waters rendered an opinion and a report in favor of the plaintiff and the Standard Furniture Company, upon which judgment was docketed in Herkimer county clerk's office September 10, 1935. Said judgment provided:

" Adjudged, that the defendant, Standard Furniture Company, recover from and against the defendants, Ernest R. Rhodes, Irving G. Will and Helen Marsh Brewer, Sheldon M. Brewer and First Citizens Bank and Trust Company of Utica, as Executors of the last Will and Testament of Charles S. Brewer, deceased, the sum of $7,229.85 and have execution accordingly; and it is further

" Adjudged, that the defendant, Standard Furniture Company, recover from and against the defendants, Ernest R. Rhodes and Helen Marsh Brewer, Sheldon M. Brewer and First Citizens Bank and Trust Company of Utica, as Executors of the last Will and Testament of Charles S. Brewer, deceased, the sum of $738.21 and have execution accordingly; and it is further

" Adjudged, that the defendant, Standard Furniture Company, recover from and against the defendants, Ernest R. Rhodes, Irving G. Will, Sheldon M. Brewer, George F. Stevenson and Albert W. Smith the sum of $765.45 and have execution accordingly; and it is further

" Adjudged, that the defendant, Standard Furniture Company recover from and against the defendants, Sheldon M. Brewer, Ernest R. Rhodes, George F. Stevenson and Albert W. Smith, the sum of $54.65 and have execution accordingly; and it is further

" Adjudged, that the defendant, Standard Furniture Company, recover from and against the defendants, Sheldon M. Brewer, Ernest R. Rhodes, George F. Stevenson and Albert W. Smith, the sum of $36,715.00 and have execution accordingly; and it is further

" Adjudged, that upon the payment of said sum of $36,715 by said Sheldon M. Brewer, Ernest R. Rhodes, George F. Stevenson and Albert W. Smith to the said defendant, Standard Furniture Company, or upon the recovery of said sum by said Standard Furniture Company from said defendants, that the said defendants, Sheldon M. Brewer, Ernest R. Rhodes, George F. Stevenson and Albert W. Smith, be subrogated to the rights of said defendant, Standard Furniture Company, in and to fourteen hundred (1400) shares of Class B stock of First National Bank of Herkimer, which said stock was purchased by said Standard Furniture Company on October 31st, 1934; and it is further * * *

" Adjudged, that the plaintiffs, Bertha Foley Earl and Florence Hazelhurst Bailey, recover of and from the defendant, Standard Furniture Company, the sum of $14,070.27 and have execution accordingly; and it is further

"Adjudged, that the plaintiffs, Bertha Foley Earl and Florence Hazelhurst Bailey, recover of and from the defendants, Sheldon M. Brewer, Ernest R. Rhodes, George F. Stevenson, Albert W. Smith and Helen Marsh Brewer, Sheldon M. Brewer and First Citizens Bank and Trust Company of Utica, as Executors of the last Will and Testament of Charles S. Brewer, deceased, Irving G. Will and Standard Furniture Company the sum of $3,078.22, costs and disbursements of this action, as taxes, and have execution accordingly."

The defendant Standard Furniture Company, backed by a majority of the stockholders, is opposed to the enforcement of the judgment recovered in its favor. All of the defendants appealed from the judgment September 17, 1935.

On or about September 11, 1935, plaintiff caused to be served upon Messrs. Miller, Hubbell & Evans, attorneys for the Standard Furniture Company, a copy of the referee's opinion, report, judgment and bill of costs herein and notified Mr. Ernest N. Warren that plaintiff would withhold execution upon the judgment for a reasonable length of time in order to permit defendants to prepare their notice of appeal and arrange for security. On September 13, 1935, plaintiff's attorneys notified Mr. Warren that plaintiff would withhold execution until the 18th of September, 1935, and, on that date, addressed to said attorneys the following letter:

"*September* 13*th*, 1935

"Messrs. MILLER, HUBBELL & EVANS,
   Mayro Bldg.,       *In re Earl* vs
     Utica, N. Y.       *Brewer, et al.*

"Messrs. DUNMORE, FERRIS & BURGESS,
   First Nat'l Bank Bldg.,
     Utica, N. Y.

"GENTLEMEN: The report of Referee Waters having been handed down on August 27th, and the judgment having been entered on September 10th, and a reasonable length of time having elapsed, we are advising you that execution will be issued on the judgment next Wednesday, September 18th, unless prior to that date appeal is taken accompanied by adequate security.

       "Yours very truly,
      "FULLER, BROWN, HUBBARD & FELT,
GHB/F        "By GAY H. BROWN."

Defendant declined to give the required security. On September 18, 1935, plaintiff's attorneys issued and delivered to the sheriff of Herkimer county an execution signed and indorsed by them in

favor of the Standard Furniture Company and against defendants Sheldon M. Brewer, Albert W. Smith, George F. Stevenson, Ernest Rhodes and Irving G. Will, directing said sheriff to enforce the same out of the properties of said defendants. On the same date, plaintiff, through her attorneys, procured an order from Hon. Frank H. Shall, Herkimer county judge, directing said individual defendants to appear before Donald Brush, Esq., on September 19, 1935, and, in aid of said execution, to be examined concerning their property and income.

On September 18, 1935, defendants, except defendant Will, procured an order staying all proceedings on the part of plaintiff under said judgment until September 21, 1935, and directing the plaintiff to show cause on that date why said stay should not be further extended.

On September 21, 1935, the parties and their attorneys agreed that the proceeding be enlarged to include a prayer by the defendants that the execution and the order of examination in aid thereof be vacated upon the ground that the same were illegally issued.

The vital point is as to whether or not plaintiff had the right to issue the execution in question. If she had no such right, the order for examination in aid of said execution must fall of its own right.

Plaintiff sued as a minority stockholder, hence this is a representative action. In *Planten* v. *National Nassau Bank* (174 App. Div. 254; affd., 220 N. Y. 677) Justice Laughlin said (at p. 259): " It [referring to stockholder's action] rests solely on judicial decisions made for the protection of stockholders where those who are clothed with authority to bring an action to enforce the rights of the corporation fail or refuse so to do. It may, therefore, be said to be a rule of necessity. When, however, a proper foundation is laid for such an action, the control of the litigation becomes vested in the shareholder who brings it and such others as may join therein, although the cause of action belongs to the corporation and the fruits of the litigation inure to its benefit, and consequently the corporation must be made a party defendant."

In *Manix* v. *Fantl* (209 App. Div. 756), Judge Martin (at p. 758) quotes from *Miller* v. *Barlow* (78 id. 331, 335) as follows: " The director bringing the action stands in relation to the creditor as a trustee prosecuting the action for the benefit of others entitled to share in the assets of the corporation. It is true that he has not the legal title to the property sought to be recovered, nor does he claim title to the money or property. That is vested in the corporation, and the judgment which is asked preserves the property to it and its creditors." In *Alexander* v. *Quality Leather Goods Corp.* (150 Misc. 577) Mr. Justice Rosenman said (at p. 581):

" When a minority stockholder brings an action on behalf of himself and on behalf of other stockholders similarly situated he exercises a derivative right, and judgment must ordinarily be rendered in favor of the corporation, though the corporation be a defendant in the action. In *Wangrow* v. *Wangrow* (211 App. Div. 552), McAvoy, J., writing for the court, said: ' Equity will protect the rights of minority stockholders in an action brought by a stockholder on behalf of himself and on behalf of all other stockholders similarly situated who desire to come in and join in the action. The plaintiff in such an action exercises a derivative right. The corporation, and not he, is the beneficiary of any relief granted. If there is a money judgment it runs in favor of the corporation, although the corporation may be a defendant in the action.' (*Ebling* v. *Nekarda*, 148 App. Div. 193; affd., 210 N. Y. 566; rearg. denied, Id. 611; *Miller* v. *Crown Perfumery Co.*, 125 App. Div. 881.)" In Pomeroy's Equity Jurisprudence ([4th ed.] vol. 3, § 1095, p. 2525) it is said: " The stockholder, either individually or as the representative of the class, may commence the suit, and may prosecute it to judgment; but in every other respect the action is the ordinary one brought by the corporation, it is maintained directly for the benefit of the corporation, and the final relief, when obtained, belongs to the corporation, and not to the stockholder-plaintiff." In *Hirshfield* v. *Fitzgerald* (157 N. Y. 166) Judge HAIGHT said (at pp. 183, 184): " We think, however, that in this state there is no escape from the claim made by the appellants, that where an action is brought by a plaintiff on behalf of himself and others similarly situated, who come in and share in the expenses, he has the right to control the action and may continue, compromise, abandon or discontinue it at pleasure until a creditor similarly situated has procured an order to be made a party to the action, or has served a notice of motion to be brought in, or until interlocutory judgment is entered."

From the foregoing authorities it is clear that a complaining stockholder occupies the position of a trustee for the benefit of the corporation and its creditors and that such stockholder is in complete control of the litigation, at least until the entry of judgment or decree.

No demand that the Standard Furniture Company issue execution for the collection of its judgment was made. Under the circumstances, such a demand would have been futile. Plaintiff gave warning, however, that execution would be issued unless security was forthcoming.

Plaintiff claims the right to execution under section 650 of the Civil Practice Act, which provides: " Execution of course within five years. Except as otherwise specially prescribed by law, the

party recovering a final judgment, or his assignee, may have execution thereupon, of course, at any time within five years after the entry of the judgment." True it is plaintiff recovered a final judgment and so did the Standard Furniture Company. (Rules Civ. Prac. rule 188.) The distinction between the judgments recovered is that the Standard Furniture Company owns the recovery.

Article 42 of the Civil Practice Act prescribes the requisites for the different kinds of executions. There is no provision in that article, or in the Rules of Civil Practice, specifying who may cause an execution to issue. From long-established practice, however, executions, in the first instance, are issued by the attorney for the judgment creditor.

In *Thorp* v. *Fowler* (5 Cow. 446, decided in 1826) it was held that an attorney, other than the regular attorney in the cause, may issue execution in his own name without any form of substitution and this was the rule in 1853. (*Cook* v. *Dickerson*, 1 Duer [8 N. Y. Super. Ct.], 679.) This was permitted, however, under section 289 of the then existing Code.

" A plaintiff, having a judgment ripe for execution, has a vested right to such process, with all the legal incidents thereof." (10 R. C. L. p. 1218, subd. 3.)

Section 1374 of the Code of Civil Procedure, enacted in 1876, amended in 1877, provided: " Where a judgment awards different sums of money, to or against different parties, a separate execution may be issued, to collect each sum so awarded; subject to the power of the court, to control the enforcement of the executions, upon motion, where the collection of one execution will, wholly or partly, satisfy another." This section was carried bodily (except for punctuation) into the Civil Practice Act and is section 649. M. H. Throop, in his notes on New York Code of Civil Procedure, published in 1877, made the following comment upon this section: " (New; intended chiefly to provide for judgments in equity causes, where different rights are to be enforced, on the part of either the plaintiffs or the defendants; but covering, also, cases where different sums are recovered by way of damages.) " From this time forward, judgment creditors, under the same judgment, had a right to their own private executions subject to the control of the court.

Freeman on Executions ([3d ed.] § 21, p. 58) says: " As the judgment is the property of the plaintiff, he alone, while the property remains his, is entitled to exercise dominion over it. As a writ of execution is the only means by which the property can be made productive, the owner of the property is necessarily the person entitled to call for the writ; to withhold the writ from him is in effect to withhold from him the beneficial enjoyment of his property;

and to allow another to call for or control the writ is to turn the dominion of property over to one that has no right thereto. Of course, ownership over judgments, like ownership over all other kinds of property, may be exercised in person or by duly constituted agents. But as the plaintiff is the only person entitled to the fruits of the judgment, no execution can properly issue except at his instance or that of his attorney or agent." In 3 Nichol N. Y. Pr. ([1905] § 2203, p. 3064) the author says: "As a general rule, an execution can only be issued at the instance of the attorney for the successful party, and it is, so far as the necessary directions in regard to a levy are concerned, under his control, and the clerk of the court has no power to issue it except at his request. As a matter of practice, it is generally taken by the attorney, and by him delivered to the sheriff, with proper instructions as to property that may be found and which is to be levied on." In 5 Carmody N. Y. Pr. ([1933] § 1588, p. 3728) it is stated that, as a general rule, executions can only be issued at the instance of the attorney for the party recovering the judgment.

In *People's Saving Bank* v. *McDowell* ([Mo.] 204 S. W. 406) plaintiff had judgment against two defendants. One of the defendants issued an execution in favor of the plaintiff and against his codefendant who had property that he thought ought to be applied on the judgment so as to lessen his own contribution. Motion was made to quash the execution. The motion was denied and the case was appealed. The court held, reversing the order appealed from, that a party in whose favor a judgment is recovered has exclusive right to have execution issued and to give directions as to what shall be done thereunder.

In her prayer for relief in this action, plaintiff demanded, subdivision 3, "that a receiver be appointed for said corporation and to whom the defendant be decreed to account," thus indicating that she was in doubt as to her right to execution to enforce the corporate recovery. (The learned referee refused this request.)

Under section 649 of the Civil Practice Act, each judgment creditor may issue his or its own execution subject to regulation by the court to prevent overlapping. The Standard Furniture Company, not the plaintiff, is the judgment creditor. Her position as trustee does not make of her the Standard Furniture Company. If the company refuses to enforce its judgment, plaintiff is not without a remedy, and an expeditious one at that. Otherwise, a stockholder's action would be futile.

Upon the above authorities, and as a matter of sound practice, I am of the opinion that plaintiff had no authority to issue the execution in question and that it should be vacated. Were the rule

otherwise, plaintiff has foreclosed herself of the right to execution in favor of the Standard Furniture Company by providing in the judgment that the company recover the specified sums against the respective judgment debtors " and have execution accordingly." The judgment might have provided that, upon the refusal of the company to issue execution, one be issued by the plaintiff for its benefit.

The Standard Furniture Company is in open rebellion against the judgment of the court, rendered for its benefit. In this attitude it is supported by a majority of the stock and of the stockholders. The company is not peeved because its recoveries against its recreant directors were not larger but because there was any recovery at all. The court will compel respect for and obedience to its judgment regardless of private feelings. Corporate officers may be compelled to do their duty by mandamus. (*Matter of Village of Massena* v. *St. Lawrence W. Co.*, 126 Misc. 524; *Matter of Rogers* v. *American Tobacco Co.*, 143 id. 306; affd., 233 App. Div. 708.)

The Standard Furniture Company, as the judgment creditor, has the sole right to maintain proceedings supplementary to judgment and to execution. (Civ. Prac. Act, art. 45, §§ 773, 774, 775; *Title Guarantee & Trust Co.* v. *Brown*, 136 App. Div. 843; *Kemp* v. *Gartenberg*, 93 Misc. 313. See, also, Civ. Prac. Act, art. 45, §§ 773–810, added by Laws of 1935, chap. 630, effective Sept. 1, 1935, and repealing former art. 45.)

Motion to vacate said execution and order is granted, without costs. Enter order accordingly.