**ARNSTEIN (GREISMAN, Intervener) v. BETHLEHEM STEEL CORPORA-TION et al.**

No. 8173.

District Court, E. D. New York.

April 8, 1937.

Silberman & Steinfeld, of Brooklyn, N. Y., for plaintiff Arnstein.

Michael Berman, of New York City, for plaintiff Moe Greisman.

Guggenheimer & Untermyer, of New York City, for defendant Untermyer.

Smith & Reiher, of Brooklyn, N. Y., for defendant Potter.

Willard A. Mitchell, of New York City, for defendants Schwab and Mackall.

GALSTON, District Judge.

This action was originally brought in the Supreme Court of the state of New York, Kings county, and was removed to this court by the defendant Mackall, on the ground of diversity of citizenship. The action is derivative, brought by a stockholder of the Bethlehem Steel Corporation of New Jersey for the benefit of the corporation. Acts of misfeasance and nonfeasance by the individual defendants are alleged as wrongs against the corporation. An accounting is sought from these defendants and a decree ordering payment to the defendant company of the sums found due.

The summons and complaint were served on the defendant Jennings on March 6, 1936; on the defendant Schwab, April 26, 1936; on Mackall and Potter, May 14, 1936, and upon Untermyer, May 25, 1936. The defendant Jennings has since died, and no legal representative has been substituted. The Bethlehem Steel Corporation has not been served nor any of the other individual defendants. The plaintiff Greisman, on December 22, 1936, was authorized to intervene herein as a party plaintiff.

This motion seeks not only a reargument of a motion heretofore made by the intervening plaintiff for leave to file an amended complaint, naming the Bethlehem Steel Corporation of Delaware as a defendant, but also and more particularly a dismissal of the complaint upon the grounds that the action was never validly commenced and is not properly pending, since the Bethlehem Steel Corporation was not in existence at the time of the alleged commencement of the action.

From the petition of the defendant Untermyer it appears that on January 16, 1936, an agreement was entered into between the Bethlehem Steel Corporation, a Delaware corporation, the Kalman Steel Corporation, the Bethlehem Mines Corporation, the Bethlehem Steel Corporation of New Jersey, and the Union Iron Works Company of New Jersey, which among other things, provided:

"The respective organizations of the Kalman Corporation, the Mines Corporation, the New Jersey Bethlehem Corporation and the Union Company, except in so far as they, respectively, may be continued by statute, shall cease as soon as this agreement shall have been adopted by the votes of holders of the capital stock of each of said corporations in accordance with the requirements of the laws of the State under the laws of which it was organized and that fact shall have been certified thereon by the Secretary of said corporation, under its corporate seal, and this agreement so adopted and certified (a) shall have been signed, acknowledged and filed and a certified copy thereof shall have been recorded, all as required by the provisions of Section 59 of said General Corporation Law of the State of Delaware, as said Law has been amended and supplemented and (b) shall have been filed in the office of the Secretary of State of the State of New Jersey; and thereupon said five corporations shall become a single corporation, to wit, said Bethlehem Steel Corporation, one of the parties of the first part hereto."

The agreement was ratified by the votes of the holders of the capital stock of all of the five corporations named and such action was duly certified by the secretaries of the respective corporations and all provisions of law necessary thereunder duly complied with pursuant to the General Corporation Law of the state of Delaware and the state of New Jersey.

The General Corporation Act of the state of New Jersey, so far as it relates to the merger of corporations organized under the laws of that state, provides:

"107. *Rights, privileges, franchises, property, etc., to vest in new corporation; rights of creditors and liens.*

"Upon the consummation of said act of merger or consolidation, all and singular, the rights, privileges, powers and franchises of each of said corporations, and all property, real, personal and mixed, and all debts due on whatever account, as well for stock subscriptions as all other things in action or belonging to each of such corporations, shall be vested in the consolidated corporation; and all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the consolidated corporation as they were of the several and respective former corporations, and the title to any real estate whether by deed or otherwise, under the laws of this state, vested in either of such corporations, shall not revert or be in any way impaired by reason of this act; provided, that all rights of creditors and all liens upon the property of either of said former corporations shall be preserved unimpaired, and the respective former corporations may be deemed to continue in existence, in order to preserve the same; and

all debts, liabilities and duties of either of said former corporations shall thenceforth attach to said consolidated corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it." P.L. 1896, c. 185, p. 311, § 107 (2 C.S. p. 1661, § 107).

■ This statute is sufficiently broad to embrace assets of every nature and degree, including such a right of action for an accounting as is asserted by the plaintiff in this suit. If then the New Jersey corporation, on February 26, 1936, the date of the merger, had such a right of action, under any reasonable interpretation of the New Jersey statute, that right passed to the consolidated corporation. If it so passed, then it cannot be asserted by stockholders of the New Jersey corporation, for manifestly the stockholders herein have no greater right than had the corporation itself.

■ Let it be assumed that a recovery can be had from the individual defendants, the moneys found owing must, under the foregoing statute referred to, pass to the consolidated corporation. All of the corporations which were parties to the agreement of consolidation are directly concerned with such a possible eventuality. It is urged by the intervening plaintiff that for certain purposes the New Jersey corporation remained in existence. The statute, however, is clear as to the nature of such existence, for it recites "that all rights of creditors and all liens upon the property of either of said former corporations shall be preserved unimpaired, and the respective former corporations may be deemed to continue in existence; in order to preserve the same." The derivative right set forth in the complaint herein is not that of a creditor of the corporation, nor is the asserted right a lien upon the property of the corporation. Moreover, in the concluding clause of the section, it is clearly set forth that any debt or liability or duty of the former corporation shall attach to the consolidated corporation and may be enforced against it.

Thus it is clear that at the time that this suit was instituted the New Jersey corporation existed solely for the purpose of enabling creditors to preserve their rights against it; such continued existence does not include the right of the corporation to prosecute actions arising out of rights which may have existed at the time of the merger.

■ The plaintiff's action is clearly a derivative action and is one in which the corporation in whose behalf the action is brought is an indispensible party. Philipbar v. Derby (C.C.A.) 85 F.(2d) 27; Watts v. Vanderbilt (C.C.A.) 45 F.(2d) 968.

■ In a derivative action the corporation, though named as a defendant, is in reality the plaintiff. Isaac v. Marcus, 258 N.Y. 257, 179 N.E. 487; Continental Securities Co. v. Belmont, 206 N.Y. 7, 99 N.E. 138, 51 L.R.A.(N.S.) 112, Ann.Cas.1914A, 777; Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827; Green v. Victor Talking Machine Co. (C.C.A.) 24 F.(2d) 378, 59 A.L.R. 1091. Moreover, in a stockholders' action, any money judgment will run in favor of the corporation, although the corporation is named as a defendant in the action. Alexander v. Quality Leather Goods Corporation, 150 Misc. 577, 269 N.Y.S. 499.

■ Since whatever right of action the New Jersey corporation had against its directors passed to the Delaware corporation, the New Jersey corporation after the merger could not have instituted this action. Then it follows that if the corporation itself was barred because its right of action was transferred to another corporation, the stockholders of the New Jersey corporation were without derivative status. Nor is this result in any way unfair or inequitable, for if the Delaware corporation, the merged corporation, on demand of its stockholders elects not to pursue the directors of the New Jersey corporation, the stockholders of the Delaware corporation can exercise their derivative right. See Meredith v. Art Metal Construction Company, 97 Misc. 69, 161 N. Y.S. 1, 7. New Jersey stockholders have no derivative status in respect to the Delaware corporation.

■ While the action was pending in the state court of New York—or to state the matter more accurately, since it may well be doubted whether the action at any time was pending in the strict sense of the term— when the action was instituted, the plaintiff could not maintain the action; and, moreover, there was no party plaintiff before the court, whether named as plaintiff or defendant, having any real interest in the controversy who could demand that any other person be brought in. As was said in Wells v. Merrill, 204 App.Div. 696, 198 N.Y.S. 496, 499:

"Not having any right, he would have no remedy, and, there being no one left in

court as a party plaintiff who could demand any relief, the action must fail."

Accordingly, it would seem from the foregoing that if any right of action in a derivative suit lies, it must be between stockholders of the Delaware corporation with the Delaware corporation as a necessary party. The motion to dismiss is accordingly granted and the pending motion to amend the complaint denied.

However, due consideration must be given to Equity Rule 19, 28 U.S.C.A. following section 723, with respect to amendments generally, and to Rule 37, 28 U.S.C.A. following section 723, which deals with parties generally. It may be that the plaintiffs are in position to amend their bill so as to allege that despite the merger or possibly because of it they have a derivative cause of action against the Delaware corporation and the former directors of the New Jersey corporation. Hence the order will provide that the plaintiffs be granted leave to file an amended complaint within twenty days from the entry of appropriate orders herein.

Settle orders on notice.