**Charles HEIT, Plaintiff,**

v.

**TENNECO, INC. et al., Defendants.**

**Civ. A. No. 3686.**

United States District Court,
D. Delaware.

Dec. 11, 1970.

William E. Taylor, Jr., of Taylor & Lindh, Wilmington, Del., for plaintiff, Bennett Frankel, New York City, of counsel.

Henry M. Canby and Richard F. Balotti, of Richards, Layton & Finger, Wilmington, Del., for defendants Tenneco Inc. and Tenneco Corp.

## OPINION

LATCHUM, District Judge.

On March 19, 1969, plaintiff[1] brought this stockholder's derivative ac-

---

[1]. Plaintiff, a New York citizen, alleged he was the holder of 1550 shares of common stock of J. I. Case Company at all times

during the transactions complained of up to the time suit was filed.

tion on behalf of J. I. Case Company [2] ("Case") against Tenneco Inc.,[3] Tenneco Corporation ("Tenneco C"), Case and thirteen individual defendants, directors or former directors of Case.[4] Jurisdiction of this Court was based upon diversity of citizenship.[5] 28 U.S.C. § 1332. In general, the complaint alleged that Tenneco Inc. owned 100% of the common stock and 83% of the voting stock of Tenneco C, that Tenneco C owned 56% of the voting stock of Case, that by virtue of this voting power, Tenneco Inc. controlled and dominated both Tenneco C and Case, that Tenneco Inc. appropriated two corporate opportunities of Case, keeping one for itself and diverting the other to its subsidiary, Tenneco C, that thereafter Case was caused to enter into a number of corporate transactions which were highly detrimental to Case but very beneficial to Tenneco C and Tenneco Inc. On May 20 and 21, 1969, Tenneco Inc., Tenneco C and Case filed answers denying all the wrongdoing alleged in the complaint. Plaintiff never made any attempt to obtain jurisdiction over the non-citizen and non-resident individual defendants. After June 9, 1969, the action remained dormant for approximately fifteen months.

On June 23, 1970, the plaintiff, pursuant to local Rule 13(B) of this Court, moved for a trial date. Trial was requested to begin on Monday, July 13, 1970, approximately three weeks after the motion was filed. The defendants opposed the motion. Plaintiff based his motion on the fact that Case was to merge into Tenneco Inc. on August 4, 1970 and thus he believed that the merger would render the present action moot. The motion was argued before Judge Layton of this Court on July 1, 1970. By a Memorandum Opinion, dated July 2, 1970, Judge Layton denied plaintiff's application for an "extraordinarily early date for trial" while noting the motion was "based upon the urgent reason that if it is not tried during the month of July, a merger proceeding between Tenneco Inc. and J. I. Case Company will, for all practical purposes nullify its effectiveness." Among the more important reasons given by Judge Layton for denying plaintiff's application were:

"(1) For approximately a year, little or no action has been taken by plaintiff in this case. Plaintiff's counsel concedes that he has been ready to try this case for some time, but despite the fact of this approaching merger, has for no valid reason waited until the last minute to make an application for trial.

\* \* \* \* \* \*

"(3) The plaintiff has a remedy which he has not seen fit to pursue. Clearly, if plaintiff is correct in his position [that the case would be rendered moot by the merger] this is a situation where an application for an injunction could be made. Yet, he has not done so. His reason is that his client, an individual, could not afford the cost of a bond were the merger restrained. But counsel is merely indulging in speculation. Even if a bond were required, it might or might not be prohibitive in amount." (Memorandum Opinion, July 2, 1970, pp. 2–4)

Subsequently, on August 4, 1970, pursuant to an Agreement of Consolidation, dated as of June 17, 1970, a series of mergers occurred among Case, Moorgate Corporation ("Moorgate"), 700 State Corporation ("State Corp") and Newcase Corporation ("Newcase").[6] First, Case merged into State Corp a wholly owned subsidiary of Case, and then State Corp merged into Newcase. Upon

2. Case was a Wisconsin corporation and citizen.

3. Tenneco Inc. and Tenneco Corporation were Delaware corporations and citizens.

4. The individual defendants were all citizens of States other than New York.

5. The amount in controversy was alleged to exceed $10,000 exclusive of interest and costs.

6. Newcase has changed its name to J. I. Case Company.

the consummation of the two successive mergers (1) the stockholders of Case (other than Moorgate) became entitled to receive shares of $5.50 Cumulative Convertible Preferred Stock of Tenneco, Inc., (2) Moorgate delivered to an exchange agent the Tenneco Inc. shares to which the Case stockholders became entitled to receive, and (3) all the authorized stock of Newcase was issued to Moorgate. All outstanding stock of Moorgate was owned by Tenneco C and all the outstanding common stock of Tenneco C was owned by Tenneco Inc.

The ultimate result of these mergers was that Case became Newcase, a wholly owned subsidiary of Moorgate, which was a wholly owned subsidiary of Tenneco C, all of the outstanding common stock of which was owned by Tenneco Inc. The stock held by the minority stockholders of Case, including the plaintiff, was by virtue of the mergers automatically converted on the merger date into $5.50 Cumulative Convertible Preferred Stock of Tenneco, Inc.

On July 15, 1970, plaintiff again applied for a trial date. At a conference with counsel, Judge Layton fixed trial to commence on December 14, 1970. It should be noted that the plaintiff took no other action between July 2 and August 4, 1970, despite the comments of Judge Layton that the plaintiff had an appropriate remedy prior to the August 4th mergers.

The case is presently before the Court on the motion of Tenneco Inc. and Tenneco C for summary judgment dismissing the action on the grounds that (1) the merger has rendered this action moot and therefore the complaint no longer states a claim upon which relief may be given; and (2) the plaintiff, being no longer a stockholder of Case, the corporation on whose behalf the action was brought, has no standing to maintain the present derivative suit.

■ Since jurisdiction is based solely on diversity of citizenship, this Court is bound to apply Delaware law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Delaware law, a plaintiff, bringing a derivative suit on behalf of a corporation, must be a stockholder of the corporation at the time he commences the suit and must maintain that status throughout the course of the litigation. Hutchison v. Bernhard, 43 Del.Ch. 139, 220 A.2d 782 (1965).

In the present case, plaintiff, along with all other stockholders of Case, lost his status as a Case shareholder on August 4, 1970, when Case merged into State Corp, which in turn merged into Newcase. On that date, the Case stock of plaintiff was automatically converted into $5.50 Cumulative Convertible Preferred Stock of Tenneco, Inc., pursuant to Delaware law and the terms of the merger agreements. The Tenneco Inc. shares were then transferred to an exchange agent to be held for transfer to the plaintiff and other Case shareholders other than Moorgate.

■ Thus, neither the plaintiff nor any other former shareholder of Case has the requisite standing to maintain this derivative action on behalf of Case. Braasch v. Goldschmidt, 41 Del.Ch. 519, 530, 199 A.2d 760, 767 (1964). In *Braasch*[7], the Deli Corp. had acquired more than 90 percent of the shares of American Sumatra ("Old Company"), a Delaware corporation. American Sumatra was then merged into a Deli Corp. wholly owned subsidiary, Tobacco Holdings, Inc., pursuant to 8 Del.C. § 253[8] and the surviving corporation changed its name to American Sumatra ("New Company"). After the merger, certain stockholders of the Old Company brought a derivative suit on behalf of the Old Company, claiming that the Old Company had been mismanaged and that the defendants had seized certain corpo-

---

7. *Braasch* was expressly cited with approval by the Delaware Supreme Court in Bokat v. Getty Oil Company, 262 A.2d 246, 249 (Del.Supr.1970).

8. See footnote 10.

rate opportunities which rightfully belonged to the Old Company. The complaint also attacked the fairness of the merger and requested rescission of the merger. Vice Chancellor Short granted a motion to dismiss the derivative cause of action for failure to state a claim upon which relief could be granted stating:

> "Plaintiffs also purport to sue derivatively on behalf of American Sumatra and predicate this cause upon the offer to buy, alleged seizure of corporate opportunities rightfully belonging to American Sumatra, and the wrongful appropriation of monies of American Sumatra to certain purposes set forth in the complaint. *I am satisfied that plaintiffs may not maintain the asserted derivative action.* This is clear as to those stockholders who have demanded an appraisal. [Citation of authority omitted.] *But it is also true as to any other stockholders of American Sumatra (the old company) asserting in the right of the old company claims against its directors and others which it may have had prior to the merger.*

> "8 Del.C. § 253(b) [9] provides that upon the recording of the certificate of ownership and merger 'all of the estate, property, rights, privileges and franchises of the corporation or corporations which did not survive the merger shall vest in and be held and enjoyed by the surviving corporation as fully and entirely and without change or diminution as the same were before held and enjoyed by the corporation or corporations which did not survive the merger and be managed and controlled by the surviving corporation * * * in its name.' It is thus provided that upon a merger under § 253 'the old corporations have their identity absorbed into * * * the one into which they were merged.' Argenbright v. Phoenix Finance Co.,

21 Del.Ch. 288, 187 A. 124. By virtue of the merger here involved the derivative rights asserted passed to the surviving corporation, Tobacco Holdings, Inc. now American Sumatra Tobacco Corporation (the new company). Arnstein v. Bethlehem Steel Corporation, D.C.N.Y., 18 F.Supp. 916. American Sumatra Tobacco Corporation (the old company) could not thereafter have instituted an action against its directors and others for an accounting, and since the old corporation was itself barred because the right of action was transferred to Tobacco Holdings, Inc., the stockholders of the old company were without derivative status. Arnstein v. Bethlehem Steel Corporation, supra. In the cited case the surviving corporation was not a party to the action. However, the court, while specifically noting its absence as a party, said that 'if any right of action in a derivative suit lies, it must be between stockholders of the Delaware [surviving] corporation with the Delaware corporation as a necessary party.' Accordingly, defendants' motion to dismiss insofar as it relates to the derivative claims asserted by plaintiffs must be granted." (41 Del.Ch. at 529–530, 199 A.2d at 767) (Emphasis supplied.)

Although the *Braasch* action was commenced after the merger, the same rationale would apply to the present case where the mergers occurred during the course of the litigation.

■ 8 Del.C. § 259 [10] provides that when a merger becomes effective all assets of the merged corporation, including any causes of action which might exist on its behalf, pass by operation of law to the surviving company. Bokat v. Getty Oil Company, 262 A.2d 246, 249 (Del.Supr.1970). Consequently, when the successive mergers of Case into State Corp and State Corp into Newcase were consummated on August 4, 1970,

9. See footnote 10.

10. Since the revision of the Delaware Corporation Law effective July 3, 1967, 8

Del.C. § 259 contains the same provisions formerly provided in 8 Del.C. § 253(b) referred to by Vice Chancellor Short in the *Braasch* case.

all of the claims asserted on behalf of Case in the present action were automatically transferred to Newcase. Case, which then ceased to exist, would have been barred from instituting or maintaining the present claims against defendants because its right of action was ultimately transferred to Newcase. Since Case, the old company, was barred from bringing or maintaining the action, its former stockholders were likewise prevented from maintaining the suit as a derivative action on Case's behalf.

Accordingly, the motion of Tenneco Inc. and Tenneco C for a summary judgment of dismissal of this derivative action on behalf of Case will be granted. In view of the Court's dismissal of this case based on plaintiff's lack of standing, it is unnecessary for the Court to consider the defendants' alternative ground for dismissal based on mootness.

Summary judgment will be entered in accordance with this opinion.